# CHARLESTON.

STATE ex rel. GRAHAM SALE v. C. O. STAHLMAN et al.

Submitted November 6, 1917.   Decided November 13, 1917.

1. MUNICIPAL CORPORATIONS—Charter—Building Permit.
   Under a provision of its charter authorizing it "to regulate the height, construction and inspection" of new buildings erected within its corporate limits, a city cannot prevent the owner of a lot situated in a built up section and between three and four-story buildings, from erecting a one-story building thereon, by refusal of permission to erect it. (p. 335).

2. SAME—Charter Provision—Regulation of Buildings.
   Properly construed, such charter provision confers authority respecting the height of buildings, only to limit or restrict it for the safety of persons and property. (p. 335).

3. SAME—Height of Buildings—Police Power—Fire Protection.
   Prevention of the erection of buildings in a city, lower than adjacent and neighboring ones, has no such tendency to prevent danger from fire, or the spreading thereof, as will justify or validate it under the police power of the state. (p. 337).

4. SAME—Use of Property.
   A limitation upon an owner's use of his property cannot be imposed by law, for the benefit of other property owners. (p. 337).

5. EMINENT DOMAIN—Use of Property—Symmetry or Ornamentation.
   Nor can it be imposed only to effect symmetry or ornamentation of a city, street or section, otherwise than under the power of eminent domain, allowing compensation, if at all. (p. 337).

Mandamus by the State, on the relation of Graham Sale, against C. O. Stahlman, Mayor, etc., and others.

*Peremptory writ awarded.*

John Randolph Tucker, for petitioner.
Ross & Kahle, for respondents.

POFFENBARGER, JUDGE:

Relying upon a provision of its charter, ch. 9, Acts of 1915, found in sec. 7 thereof and conferring upon it, among others, the power "To regulate the height, construction and inspection of all new buildings" thereafter to be erected within its

territory, the City of Bluefield has refused to give the relator a permit to erect a building on a lot owned by him, situated in the business section of the city and fronting on Princeton Avenue, one of its principal thoroughfares, on the sole ground of its character as to height, his purpose being the erection of a one-story building. By some regulation not fully disclosed in the pleadings, the city endeavors to enforce its policy of prevention of the erection of buildings less than three stories high, in that section, and has refused the permit in pursuance thereof. He seeks a writ of mandamus to compel issuance thereof.

Ordinarily, such charter provisions confer power to limit or restrict the height of buildings, not to require it, as a means of promotion or conservation of the value of adjacent or neighboring property or attainment of aesthetic ideals or purposes of the community or municipal authorities, and their justification and validity rest upon the police power of the state, under which the legislature may directly or indirectly provide for the public health, morals, safety, convenience and prosperity. *Welch* v. *Swasey,* 193 Mass. 364; *Commonwealth* v. *Boston Advertising Co.,* 188 Mass. 348; *People* v. *D'Onech,* 111 N. Y. 359; *Fruth* v. *Board of Affairs,* 75 W. Va. 457; *Eubank* v. *Richmond,* 226 U. S. 137; *District of Columbia* v. *Brooks,* 214 U. S. 138; *C. B. & Q. Railway Co.* v. *Drainage Commissioners,* 200 U. S. 561.

Public safety from the danger of fire is the only ground upon which the city endeavors to justify and sustain its regulatory policy, and its position is well founded, if the regulation has any reasonable and substantial tendency to promote safety in that respect. The exercise of the police power must have a substantial basis. The power cannot be made a mere pretext for legislation that does not fall within it. Classification of property and rights for rate regulation, taxation and the like cannot be made upon a mere arbitrary and groundless distinction between subjects. *Coal & Coke Ry. Co.* v. *Conley and Avis,* 67 W. Va. 129, 180; *Railway Co.* v. *May,* 207 U. S. 267; *Ozan Lumber Co.* v. *Bank,* 207 U. S. 251. The same principle governs in the test of validity, applied to statutes and ordinances ostensibly passed and adopted for

promotion of the public health, comfort and convenience. Its effect and its professed object must substantially agree and coincide. *Town of Fulton* v. *Norteman*, 60 W. Va. 562.

Artistic, civic and economic views of a one-story building between three or four-story buildings in a section in which, as a rule, only the higher structures are put up, severely condemn it, but certain obvious laws of physics effectually exclude the assumption that it is substantially conducive to danger from fire. Of course, an open fire between tall buildings may be more dangerous, in the absence of resistance, than a smothered one, but a fire in a one-story building would not be an open one. It would be subject to the restraining influence of the roof and walls, in a manner similar to that exerted by the walls, floors and roof of a higher structure. Besides, a low building is more accessible to firemen than a high one. The combustible matter on which the fire feeds is all near the ground and within easy reach. Water may be poured directly upon it from the windows and roofs of the adjacent and neighboring buildings. Its low altitude decreases the danger to firemen and facilitates their work. There is nothing by which the fire can spread directly upward, the direction in which it runs most rapidly, and the volume of combustible matter is smaller than that of a higher building. Any slight tendency of a one-story building situated between higher ones to danger by fire is manifestly outweighed and reduced to nothing by these obvious and commonly known factors and principles.

The power and authority over the relator's property, claimed by the city, if allowed by law, would be a serious restraint upon his right of use and enjoyment. It cannot be imposed for the benefit of adjacent or neighboring property owners. *Eubank* v. *Richmond*, cited. Nor can it be imposed to effect symmetry of the city, street or section, otherwise than under the power of eminent domain, allowing compensation, if at all. *Fruth* v. *Board of Affairs*, cited.

For the reasons stated, a peremptory writ of mandamus will be awarded agreeably to the prayer and motion therefor.

*Peremptory writ awarded.*