## ISAAC WEISBERG, Appellant, v. BOATMEN'S BANK.

### Division One, December 20, 1919.

1. **APPEAL: Demurrer to Petition: Unpleaded Facts.** In an action for damages for injuries sustained by appellant in the burning of a building owned by respondent, on appeal from a general demurrer to the petition, ordinance provisions not pleaded in full or in substance, although included in the statement, cannot be considered.

2. **FIRE-PROOF ORDINANCE: Application to Altered Building.** Defendant's building, erected in 1889, consisted of seven stories and was more than ninety feet high. In 1903 an ordinance was enacted, which provided, in Section 30, that "no building already erected shall be enlarged, raised, altered or built upon in such manner that were such building wholly built after the passage of this ordinance, it would be in violation of this article;" and, in Section 40, that "no building or parts thereof shall hereafter be built, altered or repaired, except in conformity to the provisions of this article;" and, in Section 101, that "any building hereafter erected, altered or enlarged to a height greater than ninety feet above grade shall be a building of the first-class and shall comply in its construction with all the requirements contained in this article relating to buildings of said class;" and Section 100 set forth the character of construction required in "first-class" buildings. *Held*, that the building was a "first-class" building and said sections apply to it, and Section 101 cannot be held to apply only to buildings which were less than ninety feet high when the ordinance was enacted.

3. ———: **Alteration in Building: Negligible: Repairs.** Where the building was a warehouse, and was remodeled within for a social and athletic club, including sleeping quarters for a large number of persons, the construction of a kitchen, dining room, gymnasium, parlors, reception rooms, billiard room, office and swimming pool, and a raising of the roof six feet at one end and ten at the other, there were "alterations" and "reconstruction" and not mere negligible repairs.

4. **CONSTITUTIONAL QUESTION: Unregulated Discretion of Commissioner: Not Raised by General Demurrer.** Where a general demurrer to plaintiff's petition was sustained and it did not challenge the constitutionality of the section of the ordinance pleaded, it cannot be ruled on appeal that they are invalid because they require a permit to build, alter or enlarge, and leave the granting or refusal of such permit to the unregulated discretion of the building commissioner. Besides, where it is obvious the whole ordinance is not pleaded, such constitutional question should not be ruled upon demurrer, because the unpleaded part may remove the defect.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

REVERSED AND REMANDED.

*Leonard & Sibley, Glen Mohler* and *Geo. L. Stemmler* for appellant.

(1) Sections 101, 38 and other sections of Ordinance No. 19991 applied to the building mentioned in the petition in this case. Cochran v. Preston, 108 Md. 220; Carroll v. City of Lynchburg, 84 Va. 803. (2) The altering, enlarging, raising, building upon and repairing of said building, as described in the petition, constituted a violation of said sections of said ordinance. Cochran v. Preston, 168 Md. 220; People v. Marley, 2 Wheeler's Criminal Cases, p. 74; Attorney-General v. Williams, 174 Mass. 476; Delione v. Commissioners, 55 N. J. L. 108.

*Lehmann & Lehmann* and *Fauntleroy, Cullen & Hay* for respondent.

(1) Courts cannot take judicial notice of municipal ordinances, however great the municipality. Peterson v. United Rys. Co., 270 Mo. 67. In order to form the basis of any action and to give the court the right to consider the ordinance or the sections relied upon in passing upon plaintiff's petition, the sections relied upon should be set out in full, or at least in substance. City of St. Louis v. Stoddard, 15 Mo. App. 173; Hirst v. Ringen Real Estate Co., 169 Mo. 194. (2) Sections 41 and 75 of the ordinance, even if applicable to 'this case, are unconstitutional and void, because they arbitrarily require a permit from the Commissioner of Public Buildings, without regard to any requirements as to the character of the work or materials used. State v. Tenant, 15 L. R. A. 423; City of Sioux Falls v. Kirby, 25 L. R. A. 61; Commonwealth v. House, 198 S. W. 218, 177 Ky. 829. These sections give the Commissioner of Public Buildings "a roving commission to enforce" the ordinance. Merchants Exchange v. Knott, 212 Mo. 616; Corrigan v. Kansas City, 211 Mo. 654; St. Louis v. Heitzeberg, 141 Mo. 375. (3) The sections of the ordinance pleaded did not apply to defendant's building, so as to make it a first-class building, because it was erected in 1889, long prior to the passage of the ordinance. As the defendant's building was greater than ninety feet in height, the ordinance did not require it to be made a building of the first class. Section 38 of the ordinance does not enlarge Section 101, but so far as defendant's building is concerned Section 101 defines the extent to which Section 38 is applicable to defendant's building. (4) The authorities cited by the appellant are not in point in this case, because the courts in those cases were passing on ordinances containing entirely different provisions than the ordinance in question in this case. (5) Even if the ordinance were applicable, the alterations were not of such character as to constitute a violation of the ordinance. Contas v. City of Bradford, 206 Pa. 291.

BLAIR, P. J.—This is an action for damages for injuries appellant alleges he suffered as a result of the burning of a building in St. Louis which respondent owned and, in part, occupied as a banking house. The remainder of the building was occupied by the Missouri Athletic Club, respondent's lessee. A general demurrer to the petition was sustained, and judgment rendered after appellant refused to plead further. The questions presented by counsel are such that it is not necessary to set out the petition in full. The basis of the action is the alleged violation of the provisions of certain sections of city ordinances pertaining to buildings in St. Louis. These provisions will be set out sufficiently in connection with the consideration of the questions counsel discuss.

I. In his statement of the case appellant includes ordinance provisions not pleaded either in full or in substance. These cannot be considered. [State ex rel. Oddle et al. v. Sherman, 42 Mo. l. c. 214; Peterson v. United Rys., 270 Mo. l. c. 74.]

**Unpleaded Facts.**

II. Was respondent's building such that the ordinance pleaded applied to it? The petition alleges that the structure was erected in 1889. It consisted of seven stories and was then more than ninety feet high. The ordinances relied upon in the petition were passed in 1903. The building ordinance of 1903 provides (sec. 38) that "no building already erected (or hereafter to be erected) in the City of St. Louis, shall be enlarged, raised, altered or built upon in such manner that were such building wholly built, or constructed after the passage of this ordinance, it would be in violation of any of the provisions of this article." Section 40 provides that "no wall, structure, building or parts thereof, shall hereafter be built, constructed, altered or repaired, except in conformity with the provisions of this article." Section

**Applicable Ordinance.**

100 sets forth the character of construction required in what are denominated "first-class" buildings. The petition alleges that the building in question, when tested by the provisions of Section 100, was not, either before or after alteration, a building of that class. Section 101 of the ordinance provides: "Any building hereafter erected, altered or enlarged to a height greater than ninety feet above grade" (the distance from sidewalk level to the highest part of the building) "shall be a building of the first-class and shall comply in its construction with all the provisions and requirements contained in this article relating to buildings of said class." Other sections require permits for building, etc., and fix penalties for failure to secure them.

The briefs do not question the authority of the city, in the exercise of its delegated police power, to impose restrictions upon the alteration, reconstruction, repair and augmentation of buildings of non-fire-proof construction situate in congested districts. The first question presented is whether the ordinance pleaded applies to the building described in the petition. It is not denied that the allegations of the petition show that the building in question is not a "first-class building" as defined in the ordinance section set out in the petition. It is urged that Section 101 of the ordinance, as pleaded, does not purport to apply to any building which was ninety or more feet high when the ordinance was passed in 1903. The argument is that the words "any building hereafter . . . altered or enlarged to a height greater than ninety feet above grade" includes only such buildings as, prior to the enactment of the ordinance, were less than ninety feet in height and were raised to a greater height than ninety feet by the alteration or enlargement. Let it be conceded that a literal construction of the ordinance language would support this contention. It is also true that this language is susceptible of the other construction that any alteration or enlargement which reaches a greater height than ninety feet, without regard to the original

height of the building, constitutes an alteration or enlargement "to a height greater than ninety feet." In choosing between these constructions it is appropriate to examine the principle justifying the quoted regulations attempted by the city. The principal basis of it is the police power to impose regulations to prevent conflagrations. The ordinance in this case, so far as pleaded, apparently rests upon that power alone. With respect to this ordinance the city had no power to found a classification of buildings upon an arbitrary distinction. [State ex rel. v. Stahlman, 81 W. Va. 335, 94 S. E. 497.] With respect to the purpose of the ordinance there is no distinction between buildings of less and more than ninety feet in height, considered with reference to fire protection, unless it be that in the taller buildings, of like construction, the fire hazard is greater. The suggestion that the greater cost of the higher building furnishes lawful ground for the classification does not satisfy. In fact it does not at all follow that every building of a given height is of greater value or cost than every building of like construction, of less height. That this is not the case is too apparent for discussion. A classification of subjects for the application of regulatory ordinances must rest upon some distinction having a reasonable relation to the purpose in view justifying the regulation and to the act or condition "in respect to which the classification is proposed, and can never be made arbitrarily and without any such basis." [State ex rel. v. Railroad, 246 Mo. l. c. 514, 515.] In view of this principle and the further one that where two otherwise reasonable constructions are possible, that is to be rejected which would invalidate the ordinance or statute being construed, we think Section 101 should be held to include the building described in the petition.

III. Respondent cites Contas v. Bradford, 206 Pa. l. c. 296, 297, in support of the view that the alteration and enlargement alleged in the petition to have

been made were not of a character such as to fall within
the ordinance. In that case the statute and ordinance
prohibited the "construction" or "recon-
**Negligible**   struction" of wooden buildings under stated
**Alterations.**  circumstances. The court held that mere
repairs which added nothing to the fire hazard, but
rather the contrary, were not condemned by these terms.
In this case the petition alleges the building was a
warehouse and by the alteration in question was re-
modeled within for social and athletic club purposes,
including sleeping quarters for a large number of
persons; that a large number of new rooms were con-
structed, and kitchens, a dining room, gymnasium, par-
lors, reception rooms, billiard rooms, office and swim-
ming pool were put in and used; and that a portion ·
of the roof, forty by eighty feet, was raised six or eight
feet at one end and ten or twelve feet at the other,
and that in the wall supporting this raised portion of
the roof some thirty double-sash windows were con-
structed. It seems quite clear that the case cited does
not apply. The ordinance in this case covers altera-
tions and enlargements. In that it was confined to
"construction" and "reconstruction." In that case the
changes affected were relatively of minor character.
In this the whole building was transformed within and
a very considerable portion of the roof materially raised.
The changes cannot be treated as of that negligible
and minor character which are sometimes said not to
be subject to prohibition under ordinances like that be-
fore us.

IV. It is argued that the sections pleaded which
require a permit to build, alter or enlarge are unconsti-
tutional because they leave the granting or refusal of
such permit to the unregulated discretion, of the build-
ing commissioner. (1) No constitutional question was
**Constitutional**   raised in the demurrer filed in the trial
**Question.**        court. (2) It is obvious the whole ordinance
is not pleaded. It may be other sections supply the sup-

posed defect. If so, they may be invoked when the consti-tutional question is raised. In view of this the question of the constitutionality of the "permit" section is not presented by this record.

This disposes of the questions raised in the briefs.

The judgment is reversed and the cause remanded to be proceeded with in a manner not inconsistent with this opinion. All concur.