# THE STATE ex rel. MORRIS RUSSELL WOLFE v. MISSOURI DENTAL BOARD.

### In Banc, April 30, 1920.

1. **DENTIST: Revocation of License Without Hearing.** The statute (Section 5495, Laws 1917, p. 260) requires that an accused dentist, before his license can be revoked by the Dental Board, "shall have the right to be present and heard in person or by attorney," and where a meeting is held and an adjournment taken in order that evidence previously taken may be transcribed, a revocation by the board of the license, at a subsequent meeting, without notice to the accused and in his absence, is void. Said statute is penal, and the 'rule of strict construction applies.

2. ————: ————: **Revocation of License and Registration.** Under the Act of 1917, the Dental Board may revoke the license and certificate of registration of an accused dentist for fraud or illegality in obtaining either, but upon charges of deceitful advertising the board cannot revoke both, but can revoke the one or the other.

3. **CONSTITUTIONAL QUESTION: How Raised: Jurisdiction.** A constitutional question is not raised by a mere assertion that a certain statute is in conflict with certain designated sections of the Constitution. Such an assertion, with nothing more, does not require a consideration of the validity of the statute, and does not confer jurisdiction.

4. **DENTIST: Revocation of License: Subsequent Conviction of Criminal Charge.** The fact that an accused dentist, whose license and certificate of registration have been revoked by the Dental Board, has subsequently been convicted in a criminal proceeding under the statute and has appealed from the judgment therein, his appeal being still pending, does not prevent him from availing himself of a writ of mandamus against the board to have the illegal revocation annulled.

5. ————: ————: **Expiration by Operation of Law: Refusal to Renew.** Where the Dental Board illegally revoked the license of a dentist and his certificate of registration, the court will not, upon mandamus by which such revocation is adjudged to be void, require the board to set aside its subsequent order refusing to renew his license, which, though illegally revoked, has expired by operation of law; for the matter of renewing the license rests in

State ex rel. Wolfe v. Dental Board.

the sound discretion of the board, which cannot be controlled by mandamus.

## *Mandamus.*

WRIT MADE PEREMPTORY (*in part*).

*Frank M. Lowe* for relator.

(1) Sections 5494 and 5495 provide for hearings upon the charges and final determination by the board. No right of appeal is given from the decision of the board which deprives the accused dentist of his registration or license or both. The right to practice a profession is a valuable right or privilege. State ex rel. v. McElhinney, 241 Mo. 606; State ex rel. v. Robinson, 253 Mo. 284. (2) The qualifications are obtained by careful preparation and study, and when obtained enable the possessor to earn and obtain a living, hence are valuable, and being valuable are protected by the State and Federal constitutions, and should be equally with any species of property of which a person may be possessed, and he can only be deprived of the one in the same way in which he can be deprived of the other, and "no person shall be deprived of life, liberty or property without due process of law." Sec. 30, Art. 2, Mo. Constitution; Sec. 1, Art. 14, Amendments to U. S. Constitution. (3) The issue whether a statute has been violated is for the courts, whether the violation involves the deprivation of a property right or criminal liability. It involves "due process of law." The dental board is not a court and a hearing before it upon such an issue is not "due process of law" in a matter where "due process of law" is required. (4) While "or" and "and" have been many times construed one for the other as justice might require to give the effect to the law as evidently intended by the Legislature, it has never been contrary to the evident purpose of the law. (5) The defendant desired the evidence produced at the hearing before the Dental Board to be preserved, and was entitled to it under the law. Sec. 5494, Laws 1917, p. 260.

*Arthur N. Adams* and *A. Z Patterson* for respondent.

The Missouri Dental Board has power and authority to revoke both the certificate of registration and license of a dentist who, after due notice and trial, has been found guilty of any of the offenses set out in subdivisions 2 and 4 of Section 5493, Laws 1917, page 258. Secs. 5492, 5493, Laws 1917, pp. 258-259; Smith v. State Medical Board, 117 N. W. (Iowa) 1118; Meffert v. Packer, 1 L. R. A. (N. S.) 811; State v. Medical Board, 32 Minn. 327; Allinson v. General Medical Council, 1 Q. B. D. 750 (1894), 9 Q. B. App. 217; Ex parte La Mert, 4 B. & S. 582, 116 E. C. L. 582, 33 L. J. (Q. B. D.) 69, "or" ney, 104 Cal. 616; McConkey v. Alameda Co. Super. Ct., 56 Cal. 83; Smith v. Hatcher, 102 Ga. 158; Clay v. Central Railroad Co., 84 Ga. 345; People v. Van Cleave, 187 Ill. 125; Burgett v. Bothwell, 86 Ind. 149; O'Connell v. Gillespie, 17 Ind. 459; State v. Brandt, 41 Iowa, 593; Kennedy v. Haskell, 67 Kan. 612; Vicksburg Railroad Co. v. Goodenough, 108 La. 442; Kanne v. Minn. Railroad Co., 33 Minn. 419; Weston v. Loyherd, 30 Minn. 221; State v. Bulling, 100 Mo. 87; Price v. Forrest, 54 N. J. Eq. 669; Jewell v. Ithaca, 73 N. Y. Supp. 953; Sparrow v. Davidson College, 77 N. C. 35; State v. Pool, 74 N. C. 402; State v. Custer, 65 N. C. 339; Holland v. Com., 82 Pa. St. 306; Murray v. Keyes, 35 Pa. St. 384; Bollin v. Shiner, 12 Pa. St. 205; Foster v. Com., 8 Watts & S. 77; Diehl v. Perle, 2 Miles, 47; State v. Davis, 31 W. Va. 390; Atty. Genl. v. West Wis. Railroad Co., 36 Wis. 466; Winterfield v. Strauss, 24 Wis. 394; Ferrel v. Lamar, 1 Wis. 8.

WILLIAMSON, J.—This is a proceeding by mandamus. The petitioner alleges that on June 12, 1917, he was a practicing dentist, duly registered and licensed; that on said date the Missouri Dental Board, the respondent herein, notified him that charges had been filed

against him, alleging certain unlawful practices on his part, and that said board would conduct an investigation into said charges on the 9th day of July, 1917; that pursuant to said notice, testimony was heard concerning the charges against relator, and that the testimony was taken down by a stenographer appointed for that purpose by the board; that the hearing not having been completed on the 9th day of July, 1917, further testimony was taken by one of the members of the board, on the 23rd day of July, 1917, which testimony was also taken down in shorthand; that thereafter, on the 15th day of May, 1918, the testimony taken on the 9th day of July, 1917, not having been transcribed, relator filed a motion before said board to require the official stenographer to transcribe and file said testimony with the board, and in his motion requested the board to take no final action upon the charges preferred against relator until such transcript should have been filed; that he was "given to understand that the motion would be sustained;" that on the 30th day of June, 1918, he was informed by respondent that on the 11th day of June, 1918, it had made an order revoking relator's certificate of registration and his license; that from the 15th day of May, 1918, until the 30th day of June, 1918, relator had had no information from the board concerning its action in the premises; that in the early part of November, 1918, relator applied to respondent for a renewal of his license, which had then expired, and his application was denied. The petitioner further averred that the action of the board was void for the following reasons:

1. No violation of law is alleged in the charges presented against relator.

2. Respondent never acquired jurisdiction to hear and determine said charges, because it failed to give relator the notice required by law relating to such proceeding.

3. Under Section 5493 of the Laws of Missouri 1917, p. 258, respondent is authorized to cancel either a certi-

ficate of registration or license, but not both, and having cancelled both, the order is void.

4. The evidence fails to show any violation of law on the part of relator.

5. The Act of 1917, supra, is unconstitutional and void. The relief sought is the cancellation of the order of revocation of the certificate and license, and that respondent be compelled to issue a license to relator.

Upon this application an alternative writ of mandamus was issued. Thereupon respondent filed its return, in which it admitted that relator was, prior to June 12, 1917, a practicing dentist in Kansas City, duly licensed under the laws of this State, admitted also its own legal existence, the filing of the charges above mentioned, and the taking of the testimony upon the charges as above set forth. Respondent also admitted that on the 11th day of June, 1918, it revoked relator's certificate of registration and license, and that it refused his application for a renewal license in November of the same year, for the reason that his certificate of registration had been revoked. Respondent averred that the case was continued from time to time until May 15, 1918, at which time relator appeared by attorneys before respondent, and made an argument and filed the motion relative to having the testimony transcribed; that the respondent board then took the case under advisement, and on the 11th day of June, 1918, rendered its decision finding the relator guilty of fraud, misrepresentation and deceit in the practice of dentistry, and other violations of the law; revoked his certificate of registration and license, and thereafter notified relator of this adverse finding. Respondent sets forth in its return a summary of the evidence upon which this finding was based, and avers that it acted in good faith in the premises. Respondent further avers that subsequent to the revocation of relator's certificate and license, he nevertheless continued to practice dentistry, and was arrested, tried and convicted in the Criminal Court of Jackson County, Missouri, on January 13, 1919, for his alleged unlawful conduct; that relator has taken an ap-

peal from that judgment, and that that appeal is now pending in this court, and that by reason of the pendency of that appeal relator has an adequate remedy, without a resort to the writ of mandamus.

To this return relator filed a reply, putting in issue various matters of fact alleged in said return, and praying the appointment of "a commissioner to take testimony" to "determine the issues here made." In his reply to the return, relator specifically denies that he had ever at any time printed, published or circulated any false or unlawful advertisements, denies that any statements made in his advertising were false or calculated to deceive the public, and reiterates his charges of arbitrariness and bias and prejudice on the part of respondent toward relator   Thereupon respondent filed an answer to the reply to the return, and thus the issues were finally made up.

Pursuant to the prayer of relator, Hon. Fred A. Boxley of the Kansas City bar was appointed a commissioner to hear the testimony upon the issues of fact so made, proceeded to hear such testimony as was offered by the parties, and has filed his report herein, setting forth the facts found by him and his conclusions of law thereon. The commissioner's report is necessarily too long to justify reproducing it in entirety, but in substance the learned commissioner found and reported concerning the matters of law and fact in dispute, as follows:

1.   That defendant in conjunction with his partner, one Dr. Erie J. Ackley, gave wide circulation to false and misleading advertisements concerning their skill and methods in the practice of dentistry, claiming that their operations were painless and that if they inflicted pain the patient would not be required to pay.

2.   That the prosecuting witness was deceived thereby.

3. That no notice was given to relator of the meeting of June 11, 1918, at which meeting respondent revoked relator's certificate and license.

4. That there was neither charge nor evidence that either the certificate or license was fraudulently obtained.

5. That respondent acted in good faith and not arbitrarily, but under a misconception of the law.

6. That the charges preferred against relator fall within the purview of Sub-sections two and four of Section 5493, page 258, Laws of 1917, supra, and that for a violation of those sub-sections respondent had power to revoke relator's license, but not to revoke his certificate of registration.

7. That the Act of 1917, supra, is not unconstitutional.

The special commissioner therefore recommends that the alternative writ should be made peremptory to the extent of requiring respondent to set aside its order revoking relator's certificate of registration, but that in the matter of the issuance of a license, the discretion vested in respondent by the statute is not subject to control by mandamus, and to that extent the alternative writ should be quashed. Both parties filed exceptions to the report.

The substance of the commissioner's report, then, is that relator is guilty of the charges preferred against him; that the act in question is a valid law; that respondent exceeded its power in revoking both the certificate of registration and the license of relator, but that it had power to revoke the license, and cannot be compelled by mandamus to exercise the discretion vested in it favorably toward relator by now issuing to him a renewal license.

Other facts necessary to a correct understanding of this case will be found in the opinion.

The special commissioner was appointed in this proceeding for the purpose of taking proof and reporting his findings of law and fact upon the issues made by the various pleadings in this proceeding. The order of appointment so shows. This fact seems not clearly to have been understood by the parties, if we may judge by the report of the proceedings before the commissioner. These

proceedings relate but slightly, if at all, to any issues made by the pleadings in the mandamus proceeding. Still less do they relate to the proceedings before the respondent board, so far as the introduction of evidence is concerned. However, in the view we take of this case, its disposition depends upon but two points, in any event, and these are properly before us.

I. Relator complains that no opportunity was given him to appear before the board and argue his case. By Section 5495 of the act in question, it is provided, in sub-stance, that evidence may be heard before one member of the board, but that where this is done the <span>Hearing Before Board.</span> evidence so heard shall be "preserved and tran-scribed and submitted to the next regular or special meeting of the board: *provided, however,* that the accused shall have notice of the time and place where the board shall meet to further consider such com-plaint, and *at such hearing the person accused shall have the right to be present and heard in person and by at-torney by way of argument and suggestions."* In the case at bar evidence was heard before one member of the board, and transcribed and submitted to the board, but the accused was not afforded an opportunity to be heard, by way of argument or otherwise, at the subsequent meet-ing of the board. On the contrary, it appears in the respondent's abstract of the record that at a meeting of the board held on the 15th day of May, 1918, after the evidence which had been taken before one member of the board had been transcribed, but before a transcript had been made of certain other evidence which had been taken before the entire board, relator's counsel appeared and was asked by a member of the board whether or not he wanted to present an oral argument. Counsel responded: "If you are going to decide it without the transcript, I do." It was at this meeting that relator's counsel filed with the board a written motion asking that the evidence heard before the entire board should be transcribed, and that no final disposition of the case should be made until

that was done. While the record is in a far from satisfactory condition as to what then occurred, we are persuaded, after a careful study of what does appear, that relator's counsel was not heard in argument at that meeting, and that the meeting adjourned under such circumstances as to justify counsel in believing that a final decision would be withheld pending the transcribing of the evidence. This conclusion is strengthened by the fact that the minutes of the board for this meeting show that "the board heard Mr. Lowe and continued the matter for further consideration and *for the purpose of endeavoring to get the stenographer to transcribe the testimony in said cases and file it before the board.*" The hearing accorded counsel was apparently upon his motion to continue the case until the notes were transcribed. Further color is lent to this theory by the fact that this motion, which was filed May 15, 1918, was overruled by the board on June 11, 1918, in Jefferson City, Missouri, on the same day upon which it found the accused guilty. No notice was given relator of this meeting. The notes had not been transcribed and we think it fairly appears from this record that relator was not offorded the opportunity required to be given by Section 5495, supra. The learned commissioner concluded that relator was not prejudiced, because counsel had waived his right to argue the matter. The waiver, however, was conditioned upon the filing of the transcript, and this was never done. We cannot agree with the suggestion of the special commissioner that relator had an opportunity to present this evidence and be heard before the commissioner. The order of this court authorized the commissioner to pass upon issues made in this mandamus proceeding only. We therefore conclude that the respondent erred in failing to give relator an opportunity to be heard in argument, as required by the act in question, before it made the order of revocation, and that its order was therefore improperly made. This is a penal statute, and the rule of strict construction applies.

II. Relator complains that under the provisions of the Act of 1917, supra, respondent has power at the most to revoke a certificate of registration or a license, but not both, and that, having revoked both in this instance, the order is void. This involves a construction of the provisions of that act relating to the revo-

Revocation
of License
and Registration.

cation of certificates of registration and licenses. The statute can hardly be regarded as a model of lucidity. Section 5493, in its initial clauses, empowers the Dental Board "to revoke a certificate of registration *or* a license issued thereon upon any one of the following causes: 1. If the registration or license is obtained illegally or fraudulently by any person, such *license* may not only be revolked entirely by the board, but the board may revoke the *registration* and standing of such licensee." Sub-section one is followed by seven other sub-sections enumerating various grounds for revocation. Sub-section six is as follows:

"6. Or should any licensed or registered dentist violate any of the provisions of this act or should refuse to comply with any of the provisions of this act."

The eighth sub-section is, in part, as follows:

"In case any registered dentist should fail for the space of one year after the 30th day of November in any year to procure from said dental board *a license* as provided by this act, such failure shall be ground upon which said dental board may revoke and annul the *certificate of registration* theretofore issued to such delinquent person."

By a separate section (Sec. 5495w, Acts of 1917, supra, p. 268), a failure on the part of any licensed dentist to comply with certain requirements touching sanitation, also authorizes the board "to revoke *the license* of such dentist." This section is, in part at least, a duplication of sub-section seven of Section 5493, supra. The act here under consideration contains thirty-six sections, and covers seventeen pages of the Session Acts.

It contains a multitude of requirements pertaining to the practice of dentistry. From this review we conclude:

(a) That power is vested in the board to revoke *a license* as a penalty for a violation of "any of the provisions of this act."

(b) The board also has power to revoke a certificate of registration *or* a license for a violation of any of the provisions of this act.

(c) The board may revoke both the certificate of registration *and* the license upon the grounds stated in Sub-section one of Section 5493, that is, for fraud or illegality in obtaining the certificate of registration *or* license.

(d) The board may also revoke a *certificate of registration* for a failure to obtain a license for one year after the 30th day of November in any year, as provided in Sub-section eight of Section 5493, supra.

It follows that upon charges of deceitful advertising, as in this instance, the board may revoke the offender's license *or* his certificate of registration, but not both. The act of respondent in revoking both the certificate and the license, was therefore erroneous.

III. In his petition for the alternative writ, relator asserts that the act here in question is void because in conflict with certain designated sections of the Constitution of this State and of the United States. Nothing further is said by relator anywhere in this record concerning this grave charge. Constitutional questions cannot be raised by such casual and heedless allegations. Such questions are "enterprises of great pith and moment." The mere *ipse dixit* of counsel will not suffice to set them in motion. Under similar circumstances, we have repeatedly held that such an assignment is merely colorable, devoid of merit and insufficient to confer jurisdiction where jurisdiction depends upon the existence of a constitutional question in the record. [Moore v. United Rys., 256 Mo. 165, l. c. 166; Stegall v. Pigment Co., 263 Mo. 719, l. c.

722; In re Gerhart, 217 S. W. 512.] In the existing state of this record, we decline to consider the constitutionality of the act in question.

Respondent suggests that relator cannot avail himself of the remedy of mandamus, for the reason that he has been convicted in a criminal proceeding under the provisions of this act, and that his appeal from that judgment is now pending in this court. We are not impressed with the suggestion. The constitutionality of the act here in question may, it is true, be adjudicated, if properly presented, in the criminal proceeding, but it is not apparent how the questions arising in this proceeding touching relator's civil rights are necessarily, or even probably, involved in the criminal case.

The result of the whole matter is that we hold respondent's order revoking relator's certificate of registration and license to be void for the reasons stated in Paragraphs One and Two.

But relator's license expired by operation of law on November 30, 1918. Whether or not it should be renewed now is a matter resting in the sound discretion of the members of the respondent board, and that discretion is not to be controlled by mandamus, particularly after the lapse of nearly two years from the date of the revocation of the original license. This, however, does not mean that the respondent board has an absolute and unregulated discretion in such matters, not subject to control by the courts even though arbitrarily exercised. Such a case is not before us. We merely hold that upon the facts in this case we will not by our writ of mandamus now undertake to control the discretion vested in respondent in respect to this particular matter.

Relator has asked that the order made by the respondent cancelling his certificate of registration shall be set aside. To this relief we think he is entitled, for the reasons stated. The alternative writ heretofore issued should be made peremptory to the extent, and only to the extent, of commanding respondent by an appropriate order, duly entered upon its records, to set aside its order

made under date of June 11, 1918, whereby relator's certificate of registration was cancelled. It is so ordered. All concur.