# THE STATE v. MORRIS RUSSELL WOLFE, Appellant.

### Division Two, June 4, 1920.

**DENTIST: Practicing After License Revoked: Conviction Nullified By Civil Case.** Where the registration and license of defendant as a dentist were revoked by the Missouri Dental Board and in the proper civil proceeding the Supreme Court has ruled that under the statute the said board had no authority to revoke his original certificate of registration and his license issued thereon, a conviction of the defendant upon a charge of practicing dentistry without being legally registered and without having a license authorizing him to practice must be reversed.

Appeal from Jackson Criminal Court.—*Hon. Ralph S. Latshaw,* Judge.

REVERSED.

*Frank M. Lowe* for appellant.

(1) The court erred in failing to quash the information because the law is unconstitutional, in that it violates Section 30 of Article 2 of the Constitution of the State, which says that no person shall be deprived of life, liberty or property without due process of law. (2) The court erred in failing to hold that under the law the Missouri Dental Board had no right or authority to revoke both the certificate of registration and the license. (3) The court erred in refusing to sustain appellant's demurrer for the reason that in failing to notify the appellant as provided for by Sec. 5495, Laws 1917, p. 260, the board required no jurisdiction to revoke either the certificate of registration or the license, and said pretended act was wholly void. (4) The court erred in failing to hold that the action of the Dental Board under the facts and the law, in attempting to take away appellant's certificate of registration and license, violated the provisions of the Constitution of the United States, Section 1, Article 14, regarding the depriving of the appellant of both his liberty and his property without due process of law, and that it violated the Constitution of the State of Missouri, Section 30 of Article 2, in that it deprives the appellant of both his liberty and his property without due process of law.

*Frank W. McAllister,* Attorney-General, and *Geo. V. Berry,* Assistant Attorney-General, for respondent.

(1) Under the holding of the court in State ex rel. Wolfe v. Dental Board 282 Mo. 292, appellant was not guilty of violating the Dental Act by practicing dentistry without a license, and we therefore submit that this conviction in the Criminal Court of Jackson County, being erroneous, should be by this court reversed. (2) We believe, as the court did in the civil case, that appellant had not properly raised his third point, the constitutionality of the Dental Act, but as the case rides off on the

other two points, we anticipate that in any event the court would not pass upon this point, so we have undertaken to brief it.

MOZLEY, C.—Defendant, Morris Russell Wolfe, was informed against at the September term, 1918, of the Criminal Court of Jackson County, on a charge of having practiced dentistry without being legally registered and without having a license authorizing him to do so. Upon his plea of not guilty, he was tried on the 7th day of the January term, 1919, and the case was taken under advisement until the 13th day of said January term, when defenant was adjudged guilty as charged and a fine was assessed against him of $100. It was contended (and still is contended) by defendant that the statute under which he was convicted violates Section 30 of Article 2 of the State Constitution and Section 1 of Article 14 of the Constitution of the United States, both of which said sections provide that "no person shall be deprived of life, liberty or property, without due process of law." By reason of said constitutional question the case was appealed to this court.

The predicate upon which the prosecution is based was arrived at as a result of a hearing upon charges made against defendant before the Missouri Dental Board, at which hearing said board rendered the following judgment:

"The Missouri Dental Board, therefore, on the facts above found and stated and on motion duly made and seconded and carried hereby revokes the original certificate of registration issued to the said Morris Russell Wolfe and the license issued to him by the Missouri Dental Board under which he is now practicing dentistry and from henceforth said original certificate of registration and said license to practice dentistry issued to him by this board are hereby revoked and for naught held."

The case in hand has been determined by our Court in Banc, speaking through WILLIAMSON, J., in the case of

the State ex rel. Wolfe (defendant herein), appellant, v. Missouri Dental Board, respondent, reported in 282 Mo. 292.

In this case the same constitutional question was raised as in the instant case, viz., that the law under which said board held the investigation of charges against defendant and the law under which he was prosecuted were in violation of the due process provision Article 2, Section 30, of the State Constitution and violative of Section 1 of Article 14 of the Constitution of the United States in relation to the same subject. Court in Banc deemed it unnecessary to pass on said constitutional question, but it did hold that under Section 5493, Laws 1917, the Missouri Dental Board had no power or authority to revoke defendant's original certificate of registration and his license which had been issued thereon, and that the attempt of said board to do so was void and of no effect.

Since this opinion was handed down it is due to the Attorney-General's office to say it agrees that the case will have to be reversed.

We think that it should be thus disposed of, and accordingly reverse the judgment of the lower court and discharge the defendant. *Railey* and *White, CC.*, concur.

PER CURIAM:—The foregoing opinion of Moz-LEY, C., is hereby adopted as the opinion of the court. All of the judges concur.