# THE STATE ex rel. MORRIS RUSSELL WOLFE v. MISSOURI DENTAL BOARD.

In Banc, July 22, 1921.

1. **MANDAMUS: Motion to Strike Out Parts of Return: Judgment on Pleadings: Irrelevant Matter.** In mandamus, where relator has filed a motion to strike out a portion of the return, which is taken with the case, the court, having overruled the motion, will proceed to consider the case upon a motion for judgment on the pleadings, but disregarding all irrelevant matter, whether it appears in the petition or return.

2. **DENTIST: Registration and License: Discretion of Board.** Under the Dental Act of 1917 (Laws 1917, p. 252 et seq.) the Missouri Dental Board has a discretion to grant or withhold a certificate of registration to an applicant therefor. But said certificate having been granted and recorded, the board has no discretion while it is in force to withhold the annual license when a request therefor and the payment of one dollar are made. Said act declares that an

State ex rel. Wolfe v. Dental Board.

applicant who shall have received a certificate of registration showing that he is qualified to practice dentistry, upon request and the payment of one dollar to said board, shall be entitled to a license at the time the certificate is issued and annually thereafter. The applicant is not required to submit to an examination upon his application for an annual license, but his qualifications are determined by an examination given prior to the issuance of his certificate of registration, which vouches for his educational and moral qualifications, and the annual fee of one dollar for his license or a renewal thereof is nothing but a fee and serves no substantial purpose other than as a contribution to the secretary. [Overruling closing paragraph of opinion in State ex rel. Wolfe v. Missouri Dental Board, 282 Mo. 1. c. 303, in so far as it indicates that any discretion is lodged by the statute in the board to withhold a license or a renewal license to an applicant whose certificate of registration is in force and pays the fee of one dollar.] *Held*, by JAMES T. BLAIR, C. J., dissenting, with whom DAVID E.

BLAIR, J., concurs, that as Section 12636, Revised Statutes 1919, expressly provides that the board may revoke a license "or refuse to grant a license" if the applicant has been guilty of the publication or circulation of any fraudulent or misleading statements as to the skill or method of any licensee or operator, or when a dentist advertises himself "as a practitioner without causing pain," the board may refuse to renew the license of a duly registered dentist who has been guilty of these things.

3. ——: ——: ——: **Stare Decisis.** A mandamus suit brought in the Supreme Court to compel the Missouri Dental Board to issue a license to relator is not a second appeal, but a new case. But even on second appeal, after the case has been tried on the basis of the ruling on the first appeal, the court reserves the right to correct its former ruling. What was said in the former suit of State ex rel. Wolfe v. Missouri Dental Board, 282 Mo. 1. c. 303, to the effect that the board had a discretion to withhold an annual license to a registered dentist was an inadvertence, and related to the issuance of the certificate of registration, or to a trial for the revocation of the certificate and the license, and in so far as it may be understood as a holding that the board is invested with a discretion to withhold a license to a registered dentist should be corrected, and is corrected upon a full review of the whole statute. *Held*, by JAMES T. BLAIR, C. J., dissenting, with whom DAVID E.

BLAIR, J., concurs, that the decision in the former case of State ex rel. Wolfe v. Missouri Dental Board, 282 Mo. 292, is well supported by Section 12636, Revised Statutes 1919, and is sound law.

State ex rel. Wolfe v. Dental Board.

4. ———: ———: Invalid Revocation of Certificate: Refusal of License: Mandamus. Where the order of the Missouri Dental Board revoking the certificate of registration of a dentist has been nullified by the Supreme Court, the board cannot thereafter refuse the applicant a license without a further hearing, and if it refuses to issue to him a license on the ground that said annulled order is still in force, it will be compelled by mandamus to issue to him a license annually so long as his certificate of registration is in force and he pays the annual license fee.

   *Held*, by JAMES T. BLAIR, C. J., dissenting, with whom DAVID E. BLAIR, J., concurs, that Section 12636, Revised Statutes 1919, authorized the board to "refuse to grant a license" to an applicant, though a duly registered dentist, who, since the attempt to revoke his certificate of registration, has been guilty of the things denounced by said section.

5. ———: ———: ———: Other Grounds for Withholding License. The Missouri Dental Board cannot withhold an annual license from a duly registered dentist on the ground that his conduct has been inethical and otherwise in violation of the dental statutes, without first giving him a hearing; for, if authorized to exercise a discretion at all, the board must first hear and determine whether the applicant has violated the statutes and the court only passes upon the board's record, and a refusal to renew the license without a hearing would be arbitrary, and the board cannot arbitrarily refuse a license and then ask the court to adjudge him guilty of having done the things which the board in its return charges constituted a violation of the statutes.

   *Held*, by JAMES T. BLAIR, C. J., dissenting, with whom DAVID E. BLAIR, J., concurs, that Section 12636, Revised Statutes 1919, expressly authorizes the board to revoke a license "or to refuse to grant a license "if the applicant has been guilty of "the publication or circulation of any fraudulent or misleading statements" as to his skill or methods, etc.; and where the board in its return to the writ of mandamus specifically charges that relator, since its former order revoking his certificate of registration was nullified by the court, has been guilty of the things denounced by said statute and because of said violations it refused to renew his license, and he moves to strike out said part of the return as being irrelevant and said motion is taken with the case, and he thereupon files a motion for judgment on the pleadings, thereby admitting said charges and a subsequent violation of the law, the writ should not be made permanent, but relator's admissions show that the board did its duty when it refused to renew his license.

Mandamus.

WRIT GRANTED.

*Frank M. Lowe* for relator.

(1)  Mandamus is the proper remedy to insure relator the relief sought.  State ex rel. Hagerman v. Drabelle, 191 S. W. 694; State ex rel. McCleary v. Adcock, 206 Mo. 550, 105 S. W. 271.  (2)  The law now being considered, except and only as to Section 5493 and Section 5495, Laws 1917, has never been construed or considered by any appellate court.  (3)  The certificate of registration is the only authority which an applicant must have that requires any examination, or is granted or issued upon any requirement on the part of the applicant to do anything except, in applying for a license, he must pay one dollar.  A certificate of registration means that the holder has passed the examination required under the law, and that the Missouri Dental Board after such examination, has been satisfied with such examination as to qualifications and moral character, and that the holder of such certificate is qualified to practice dentistry.  The law provides that such a one, after receiving his certificate of registration (Sec. 5487, Laws 1917) shall apply to and receive from said board, a license, and there isn't a word giving to the dental board any discretion, nor is there a single solitary requirement exacted of the holder of such certificate.  This is the original license; the one that this relator obtained on the 23rd day of November, 1917.  (4)  Section 5489 (Laws 1917), provides that after a person shall have received a certificate of registration, then upon request and the payment to said board of one dollar, the applicant shall be entitled to a license.  In the first provision found in Section 5487, the language of the act is that having obtained a certificate of registration such person shall receive a license, and there is no mention of the

payment of even one dollar. (5) Section 5491 provides
for the renewal of licenses, and as that is our case, surely
if anywhere, we will find here some law giving to the re-
spondent the right to exercise its discretion and refuse
as it did in this case, the issuance of such renewal license.
Under this provision the respondent has no discretion in
the matter of the issuance of a renewal license. A man
once having obtained a license can demand as a matter
of right a renewal of it. Par. 8, sec. 5493, Laws 1917.
(6) If the position taken by the respondent is the law,
then every dentist in Missouri can be denied a license
without trial, and prosecuted, convicted and sent to jail
for failure to obtain a license. This relator has a cer-
tificate of registration. This court has held that he never
was given a trial, and yet the respondent insists that he
has been tried and convicted by it and his license re-
voked, and that under the law he cannot obtain a license.

*Arthur N. Adams* for respondent.

(1) This court having construed the dental law
in a former case between the same parties and the same
question being involved, that case is the law of this case
and the question is *res adjudicata.* State ex rel. Wolfe
v. Missouri Dental Board, 282 Mo. 292; Chouteau v.
Gibson, 76 Mo. 38; Turnverein v. Hagerman, 232 Mo. 693;
Kansas City v. Land Co., 260 Mo. 395; Harrison v. Jack-
son County, 187 S. W. 1183. (2) A correct interpreta-
tion of the dental law, considering the whole act and the
purpose of the Legislature in passing it, gives the Mis-
souri Dental Board a discretion in granting or refusing
to grant renewal licenses. State ex rel. Wolfe v. Mis-
souri Dental Board, 282 Mo. 292; State ex rel. Williams
v. State Dental Board, 228 Mo. 1; State ex rel. Hathaway
v. Board of Health, 103 Mo. 22; State ex rel. Granville
v. Gregory, 83 Mo. 123; State ex rel. v. Goodier, 195 Mo.
551; State ex rel. v. St. Louis, 158 Mo. 514; State ex rel.
v. Jones, 155 Mo. 576; Sec. 12636, R. S. 1919; State v.
Doerring, 194 Mo. 398; State ex rel. Rosenblatt v. Heman,

70 Mo. 451.· (3)  The refusal to grant a license by the dental board is not a taking of property without due process of law.  State v. Davis, 194 Mo. 501; State ex rel. v. Goodier, 195 Mo. 551; State v. Doerring, 194 Mo. 398; State ex rel. v. McIntosh, 205 Mo. 637.  (4)  Since relator has openly violated the law, by practicing dentistry without a license, he ought not to be heard to complain of the action of the board in refusing him a license. State v. Doerring, 194 Mo. 398; State ex rel. Hathaway v. Board of Health, 103 Mo. 30, 15 S. W. 322; State ex rel. v. McIntosh, 205 Mo. 589.

GRAVES, J.—Original action in mandamus.  Relator avers that in November, 1916, he, after an examination by respondent herein, received a certificate of registration as a dentist, and thereafter on November 23d, 1916, he received from said Missouri Dental Board a certificate in the form of a license, being numbered 4530: that in November, 1918, he received from respondents his renewal license, likewise numbered 4530.  The petition then avers:

"Relator informs the court that ever since November 30, 1918, he has been entitled as a matter of right, under the law, to an annual renewal license, as provided by law, and that he has made application therefor, requesting the respondent to issue to him such annual license, and upon each occasion has sent the fee of one dollar as provided for under the law; but without any lawful reason or excuse, and in violation of the' mandatory provisions of the law, the respondent has· refused and still refuses to issue to this relator the annual license to which under the law as a matter of right, he is entitled."

The petition then sets out in some detail the history of a former case between these parties, and the result thereof.  [State ex rel. Wolfe v. Missouri Dental Board, 282 Mo. 292, 221 S. W. 70.]  He then avers that after the judgment in that case he tendered the fees for a renewal license, and that he has been at all times refused a re-

newal license on his certificate of registration. He sets out the letters from respondent's secretary returning his fee each time, and showing the refusal to issue to him a renewal license. There is much other matter alleged as occurring between relator and a member of the Dental Board, which can be noted if found material. In one letter from a secretary of the respondent it was stated that relator's renewal license had been revoked. We state this to explain fully the following prayer of relator's petition. This prayer reads:

"Wherefore, the premises considered, relator prays the court to issue its writ of mandamus to the end that respondent may be compelled:

"1. To set aside any order made revoking the renewal license granted to the relator for the year 1918.

"2. That respondent be compelled to set aside any order made at any time finding this relator guilty of any charges, for the reason that the court decided that the relator had never been lawfully put upon trial.

"3. That the respondent be compelled to issue to this relator a renewal license for the year 1921, in accordance with the application made by this relator, November 1, 1920."

Return was duly made to our alternative writ, which involves some matters which are perhaps beyond the real questions in the case. Motion was made to strike out these, which motion was taken with the case, and the case is before us upon a request for judgment upon the pleadings. The return contains a number of admissions, and also pleads fully respondent's theory of the case here previously. Notwithstanding the lengthy pleadings upon both sides there are under paragraph two of the return such admissions as will shorten very much the opinion in the case. In the previous case State ex rel. Wolfe v. Missouri Dental Board, it appears that the respondent therein had attempted to try Wolfe upon charges, and had found him guilty and revoked both his certificate of registration, issued in 1916, and his renewal license issued in November, 1918. Respondent

admits that this court held that Wolfe had not been tried according to law, and that their order revoking such instruments were void. Admits further that relator has tendered his fee of one dollar for renewal licenses to November, 1920, and November, 1921, and that they have been refused. There is no pretense that relator had been tried on any charges by said board since the disposition of the case in 282 Mo. 292, supra. Other details will go with the opinion.

I. Many details in the instant case will be found in State ex rel. Wolfe v. Missouri Dental Board, 282 Mo. 292, 221 S. W. 70 et seq. Charges had been preferred against Wolfe and a futile trial followed. Up to this time Wolfe was not only a registered dentist, but held the usual annual license. Both his certificate of registration and his annual license were revoked by respondent on June 11, 1918. After going over the whole case, this court, thus ruled:

"The result of the whole matter is that we hold respondent's order revoking relator's certificate of registration *and license* to be void for the reasons stated m paragraphs 1 and 2."

Pending the case, supra, in this court, Wolfe was arrested for practicing dentistry without license, and convicted in the lower court. This case was appealed to Division Two of this court, and that court ruled, on the strength of State ex rel. Wolfe v. Missouri Dental Board, supra, that the judgment of the said Dental Board was void. [State v. Wolfe, 283 Mo. 29, 222 S. W. l. c. 442.] The judgment so declared void reads:

"The Missouri Dental Board, therefore, on the facts above found and stated, and on motion duly made and seconded and carried, hereby revokes the original certificate of. registration issued to the said Morris Russell Wolfe and the license issued to him by the Missouri Dental Board under which he is now practicing dentistry, and from henceforth said original certificate of registration and said license to practice dentistry

issued to him by this board are hereby revoked and for naught held.''

So that it appears that by the judgments in these two cases the judgment of the Missouri Dental Board was wiped from their record, and both the certificate of registration and the license remained in full tact for all purposes of the law. It is true that the license, which is a document issued annually, had expired, for the full period of its term was at an end. Shortly after the decision in State ex rel. v. Missouri Dental Board, 282 Mo. 292, 221 S. W. 70, supra, the relator Wolfe having established the legality of both his certificates of registration, and his last license, applied for a renewal license. It was useless for him to apply sooner. Our opinion came down April 1st, 1920, and it is admitted that on May 17, 1920, the relator tendered the fee of one dollar and applied for a renewal license. Such license, had it been issued, would have run to November, 1920. It is also admitted in the return that on November 1st, 1920, the relator did make application for a renewal license from November, 1920, to November, 1921, and tendered the fee of one dollar. To the first application, supra, the Missouri Dental Board, through its secretary replied:

''Your letter requesting license and in which was inclosed one dollar received.

''I am herewith returning to you the one dollar for the reason that the Missouri Dental Board refuses to grant you a license to practice dentistry in the State of Missouri, because you have violated the Missouri Dental Law concerning dentistry; because you have published fraudulent statements as to your skill as a dentist; because you have circulated fraudulent statements as to your skill as a dentist. Because you have published and circulated misleading statements as to your skill and method of practicing dentistry; because you have published and circulated by letter circulation, newspaper, card or otherwise holding yourself out to the public as a practitioner without causing pain; because you have acted

in this manner with a view of deceiving and defrauding the public; because you have violated the provisions of the act of the Legislature of 1917, concerning dentistry, beginning at page 252 and ending at page 268; because you have advertised that you could do dental work by mail; because after due notice given you and trial heard, you have been found guilty of the above charges by the Missouri Dental Board."

This court had previously ruled that relator had not been given a legal hearing, and yet the Missouri Dental Board, in the face of our ruling, was asserting their judgment by reiterating the old charges against relator, and closing with the language: "because *after due notice given you and trial heard* [the very thing this court said had not been done] you have been found guilty of the above charges by the Missouri Dental Board."

This letter does not prefer new charges against the relator, but reiterates the charges previously made, and the previous judgment of the board thereon, which judgment, this court had declared void. To the second application he received this reply of date November 11, 1920:

"Your letter containing one dollar received. I am very sorry to say that according to the records of the Dental Board your license is revoked. Therefore, I am returning your draft for one dollar."

Here again the Missouri Dental Board was asserting its judgment, when it had been declared void in Court in Banc, and on June 4, 1920, by Division Two in the criminal case. With persistency this board has clung to its judgment, in open defiance of the rulings of this court holding that it was void. No further charges have been lodged against Wolfe, and no trial given him upon further charges, or the previous charges, since we held the judgment of the board void. Respondent now clings to the theory that the issuance of the renewal license is a matter of discretion. When all the rubbish is eliminated from both petition and return, this is the simple issue in the case.

289 Mo.—34

It stands undenied that relator has a certificate of registration, for we declared void the judgment revoking it. It stands undenied, that relator had his initial license, and had a license to practice in 1918, because we annulled the judgment revoking such license. So cleared of feeling (and there appears much of such on both sides) the real issue involved is a very simple one. We have thus eliminated the chaff from the wheat without action on the motion to strike out parts of the return. We are not bound by irrelevant matters in the pleadings, whether it appears in petition, or return. For the disposition of the case, we shall overrule the motion to strike out, but reserving to ourselves the right to eliminate from consideration all irrelevant matter in both pleadings. This we have done in the statement, supra, as to the material facts, and the simple issue left for decision. Relator has asked that, if we overrule the motion to strike out, we then consider the case as on motion for judgment on the pleadings. This we shall do, and the material facts we have garnered, supra, from such record.

II. If the granting of a license to a registered dentist is not discretionary, then this board should be compelled to issue the license requested by relator. Relator is a registered dentist, because this court declared void the judgment and order of the Missouri Dental Board, which revoked it. Respondent hangs all hopes on the last paragraph of the opinion of our recent brother, WILLIAMSON, in State ex rel. Wolfe v. Missouri Dental Board, 282 Mo. l. c. 301, 221 S. W. l. c. 73. It is there stated that this board had a discretion in the mere matter of issuing a license. This paragraph of the opinion was not really necessary to the case in hand, but I fear we misconstrued the Act of 1917 (Laws of 1917, p. 252) in stating that there was any discretion as to the mere issuance of a license. This calls for a review of the act. Judge WILLIAMSON in the previous case with becoming modesty said: "The statute can hardly be regarded as a model of lucidity." May I, with less modesty, be permitted

to add that the Act of 1917 *is* a model of verbosity, tau-
tology, redundancy, and prolixity. All essentials of this
lengthy act could be stated with clarity in a few con-
cise sections, and the law made intelligible. One of the
chief objects of the law is to get the cash with which to
run the Missouri Dental Board. To this end we have
two fees to be paid before a qualified citizen can (as
he must under the act) place his name plate, in letters
not less than two inches high, on the front door of his
dentist's office. First, he must apply for and obtain
an examination by the Missouri Dental Board, which
application must be accompanied with a fee of $25.
This fact is emphasized by the $25 prerequisite appear-
ing five times in the act. If the applicant fails and wants
another examination, a ten-dollar bill must be dropped
into the till of the Missouri Dental Board. Then for fear
the Missouri Dental Board would run out of funds, the
law requires the applicant, after he has been examined
and given a certificate of registration, which certificate
vouches for his educational and moral qualifications to
practice dentistry, and before he can practice under his
certificate of qualification (or registry as the law calls
it), to get a license from the Missouri Dental Board,
and pay one dollar therefor. [Sec. 5489, Laws 1917,
p. 256.] This license must be renewed on or before
November 30th of each year, and casually the applicant
must drop into the till of the Missouri Dental Board one
dollar, each time. [Sec. 5491, Laws 1917, p. 257.] No
examination is required for this license. It is a fee
proposition, pure and simple. It serves no substantial
purpose other than the contribution annually of the dol-
lar to the secretary of the Missouri Dental Board. True
it must be posted in the office, but the posting of the
certificate of registration would serve the same end, be-
cause it bespeaks the qualification of the party. The
whole trouble in this case is occasioned by the require-
ment of these two instruments from the dental practi-
tioner. The distinction between the two was overlooked
in the remarks made in the last paragraph of our pre-

vious opinion. The certificate of registration is the instrument issued after a satisfactory examination. It is in the granting or refusing of instruments of this kind that the courts have ruled that there was a discretion in the examining board. But even this is not an unregulated discretion. It is one which may be reached by the courts. Arbitrary action can always be reached through the courts. [State ex rel. v. Adcock, 206 Mo. 550.] The relator in this case passed his examination and received not only his certificate of registration (which he now holds, untarnished, by virtue of our previous ruling) but also his license to practice. It is a renewal license that he seeks in the instant case. Is he entitled to it? We think so. By Section 5487 of the Act of 1917, page 254, it is provided:

"From and after the passage of this act it shall be unlawful for any person to practice dentistry in the State of Missouri or to attempt, or to hold himself or herself out as a dentist until said person or persons shall first comply with the following requirements: be examined and registered by said board, and after receiving a certificate of registration the person receiving the same shall file such certificate of registration with the clerk of the county court of the county or counties in which he or she resides or desires to practice dentistry, and shall have the same recorded and a certificate showing the filing and recording of the same, with the book and page where recorded endorsed thereon under the hand of the clerk and the seal of said court; *and thereafter any such person shall apply to and receive a license from* said board, which license shall attest the qualifications of the person named therein and shall give the person named therein the right to practice dentistry for the term mentioned in said license, which term in all cases shall end on the 30th day of November of each year, and shall be dated on the date such license is issued."

Note the language "and thereafter any such person *shall* apply to and receive a license from said board." The word "shall" should be supplied before the word

"receive," supra. At the end of this same section it is said "he must procure from the board . . . a license."

Section 5489 of the Act of 1917, page 256, says: "After a person shall have been registered and shall have received a certificate of registration showing that the applicant is qualified to practice dentistry in this State, then *upon request of* such person and *the payment to said board of the sum of one dollar* the applicant *shall be entitled to a license,* authorizing the applicant to practice dentistry and dental surgery in the State of Missouri under this act."

Again note the language, "*shall* be entitled to a license," and he is thus entitled "upon request . . . and the payment to said board of the sum of one dollar." This is the first or original license issued after the party has been examined, found qualified, received his certificate of registration, and had such certificate recorded in the county of residence. There is no discretion to be found in the language used as to this first license. Why should there be a discretion, since the Missouri Dental Board had just examined the party and found him qualified for the practice and morally fit for the profession? Bear in mind that the certificate of registration must be recorded within six months after its issuance, or it becomes invalid. [Sec. 5492, Laws 1917, p. 256.] So that there was no reason to grant discretion to the board in issuing a mere license, when it must so shortly follow the complete examination of the party.

We now come to the law as to renewals of this original license. It is found in Acts of 1917, Laws 1917, page 257, Section 5491, which reads:

"All persons who have been regularly registered and licensed as dentists under the provisions of this act shall be entitled to have their license renewed upon application to said dental board on or before the 30th day of November in each calendar year next succeeding the expiration of the license then held by such applicant. All applications for renewal of license, as herein pro-

vided, shall be accompanied with a fee of one dollar, and each new license so issued shall be kept and displayed, as herein provided for original licenses.''

Is there discretion lodged in the board in the performance of this act? We say not. The law says applicants for a renewal license ''*shall be entitled* to have their license renewed'' upon the payment of a fee of one dollar. Of course the applicant must be regularly registered and previously licensed before he is entitled to a renewal license. If the applicant is duly registered and has been previously licensed, then the law says such ''applicant *shall be entitled to a license.*'' There is no discretion found in this language. If the prerequisites exist, the renewal license must follow the application, as the night follows the day.

The only thing in the entire act indicating discretion in the issuance of a mere license is this found in closing portion of Section 5495d., Laws 1917, page 263: ''After the applicant has been granted a certificate of registration showing the applicant to be entitled to a license, then the applicant, upon application to the board, may be licensed and authorized to practice dentistry as provided by this act.''

The foregoing refers to the initial license just after the examination, and the issuance of the certificate of registration. It does not affect relator's case, even if it be conceded that the initial license was within the discretion of the board, a matter we do not concede. This Section 5495d is largely a rehash of Section 5487, the mandatory language of which we have set out in the first place. Relator is duly registered and received his initial or first license. What he wants is a renewal license, and this, under Section 5489, supra, is not a matter of discretion.

Why should there be discretion in the mere issuance of yearly licenses? As said, the whole tenor of the act indicated that the real purpose of renewal license is to get one dollar each from the dentists of the State in order to keep the Missouri Dental Board and its work

going. In this feature it differs from the law governing doctors and lawyers. With dentists the certificate of registration is the instrument that bespeaks qualification educationally and morally. As long as that document is in the hands of the dentist, his moral and educational qualifications are vouched for by the solemn judgment of the Missouri Dental Board. The law simply requires that the applicant for a renewal license shall be a person duly registered and previously licensed by the Missouri Dental Board, and that he accompany his application with one dollar. [Sec. 5491, supra.] Upon what is discretion to be exercised? The records of the board show the registration and initial license, and it requires but a glance at the records to determine whether these facts exist. If they exist, the board cannot say they do not exist. [State ex rel. v. Adcock, 206 Mo. 550.] There is no place for discretion there. If the application for renewal is accompanied with the dollar, that fact is before the board, and there is no room for discretion there. If this law required of the applicant for a renewal license the making of some showing as to his work under his certificate of registration and previous license, or some showing as to his then moral and educational standing, or some showing as to his conduct under the ethical standards of the profession, then there might be a discretion lodged in the board. But the law makes no such requirements. He is only to make application for such license and accompany the same with one dollar. There is no place for discretion.

In the issuance of a certificate of registration, and in the revoking of such certificate, or a license issued thereunder, after a trial, there is no doubt more or less discretion lodged in the Missouri Dental Board, but this is not an unregulated discretion. [State ex rel. v. Adcock, supra.] In the mere issuance of a renewal license, there is no discretion, under the Act of 1917, now Chapter 112, Revised Statutes 1919. The closing paragraph of the opinion in State ex rel. Wolfe v. Missouri Dental Board, 282 Mo. 292, 221 S. W. l. c. 73, in so far as it indi-

cates that there was a discretion, is wrong. An examination of the whole act does not sustain it.

III. It is urged that the rule, as to discretion, announced in the previous case, is *stare decisis,* or *res adjudicata.* Counsel use the words *res adjudicata.* This is not a second appeal, but a new case. But even upon second appeal, and where the case has been retried *nisi* on the basis of a ruling by this court, we have reserved our right to correct our ruling on second appeal. [Mangold v. Bacon, 237 Mo. l. c. 513 et seq.] We feel that what was said in the former opinion was an inadvertence, which should be corrected upon a thorough review of the whole act. The remarks were applicable to the certificate of registration, or to a trial for the revocation of it, or a license issued thereunder, but not to a mere renewal application, and the license to be issued on same. Had the law required the application for a renewal license to make a showing with his application, the question might be different. If it requires no showing, as indicated in a previous paragraph, then there is no place for the exercise of discretion.

IV. It will be noted that, in the foregoing we have not considered that portion of the return by which respondents undertake to justify their act by pleading that relator has violated the dental statutes, as to advertising and other things. We did this for several reasons, viz: (1) This portion of the return was wholly irrelevant in this action. In mandamus in this court we are not called upon to first determine the facts of a violation of law authorizing action upon the part of the board. The board must first hear and determine the matter (if authorized to exercise a discretion) and we pass upon their record. There is no claim in this return that relator had been heard on any charges since the trial which we held void. The action of refusing would be arbitrary, unless relator had been given a hearing by the board. Such board cannot arbitrarily refuse the license, and then undertake to have this court determine the

facts in the first instance as is sought to be done in the instant case. For this reason we dismissed these portions of the return as wholly irrelevant to the issues involved here. (2)   There is another more forceful reason for excluding this portion of the return. Since the last trial in this court, the only action taken is evidenced by the two letters from the secretary of the board, in which the action of the board is placed upon the ground that their records (the judgment which this court vacated) showed that relator's license had been revoked upon charges covering all the things mentioned in the return. Respondents cannot blow hot and cold. Their record shows that their refusal was based upon their old judgment, and not otherwise. (3)   Section 12636 urged, if it were in this case at all, does not go to the extent claimed by respondent's counsel. This section says: "Said dental board shall have power to revoke a certificate of registration or a license issued thereon upon any one of the following causes:"  There follow eight specific grounds or causes upon which a revocation of certificate of registry or of license may be ordered. But not that the power conferred is to revoke something already done, and to revoke for cause, and upon a hearing as provided for by the next section. The power granted is to revoke something already done, and not to refuse to act, for the reasons stated. It is true that there is added to the 8th sub-divisions of causes for which the certificate of registration or license may be revoked, a statement that they may be refused for the same reasons. This can only refer to the original certificates of registration, and the initial license issued thereunder. It can not refer to a mere renewal license, without nullifying all the remainder of the law.

It follows that our alternative writ of mandamus should be made absolute, and it is so ordered. All concur, except *J. T. Blair, C. J.*, who dissents in separate opinion, and *D. E. Blair, J.*, who concurs in the opinion of the Chief Justice.

JAMES T. BLAIR, C. J. (dissenting).—The return in this case expressly states that the reasons respondent refused to renew relator's license were that after November 30, 1918, he "continued to practice dentistry in Kansas City, Missouri, without a license and without any authority so to do in open defiance of the law, and continued to publish false and fraudulent statements and is still doing so; respondent says relator, during the time he has been practicing dentistry, has published false statements as to his skill as a dentist and has circulated fraudulent statements and has published and circulated misleading statements as to his skill and method of practicing dentistry, and has held himself out to the public as a practitioner without pain, and has advertised that he could practice dentistry by mail. Respondent in the exercise of its discretion refused relator his license because he has continued to practice dentistry without a license and continued to advertise false and fraudulent statements." The return clearly shows that these charges against relator do not pertain to his practice without a license during the life of the license which the board unsuccessfully attempted to revoke, and shows that the board does not allege or contend that the license in question in the previously decided case was not valid until the time fixed for its expiration under the statute. The illegal practice alleged is that done by relator since the expiration of the license dealt with in the decision in the former case.

The allegations of the return are not denied by relator. They must be considered as admitted by the pleadings. Section 12636, Revised Statutes 1919, expressly provides that the dental board may revoke a license "*or refuse to grant a license*" if the applicant has been guilty of "the publication or circulation of any fraudulent or misleading statements as to the skill or method of any *licensee* or operator," or when a dentist advertises himself "as a practitioner without causing

pain, or advertising in any other manner with a view to
deceiving or defrauding the public, or in any way that
will tend to deceive or defraud the public.''

It therefore appears that it is charged in the return
and admitted by relator that relator did the things be-
cause of which the statute authorizes the board to refuse
a renewal license to relator. That this section is not
confined to the original license quite clearly appears.
It is specifically made applicable to "licensed" dentists
and to a "licensed or registered dentist." This lan-
guage shows the section cannot well be construed to ap-
ply only to the original license. It authorizes the board
to refuse a license for reasons which could hardly arise
until after the dentist has once been licensed and has
been engaged in the practice. For instance, the license
may be refused: "If such license or registered dentist
shall employ or permit any person not regularly regis-
tered and licensed to practice dentistry to practice the
same in the office or under the control or direction of
such licensed or registered dentist;" or, "In case any
dentist should fail, neglect or refuse to keep his office
and dental equipment in a thoroughly clean and sani-
tary condition." These clearly indicate that it was
the renewal license which was authorized to be refused.
In the majority opinion it is now said that the admitted
facts which, under the statute as I now construe it and
as this court unanimously construed it in State ex rel.
Wolfe v. Dental Board, 282 Mo. 292, 221 S. W. 70, show
relator's guilt of the things which authorize the board
to refuse to license him, are wholly irrelevant. First,
it is stated that this court is not called upon "first to
determine the facts of a violation of law authorizing
action upon the part of the board. The board must
first hear and determine the matter (if authorized to
exercise a discretion) and we pass upon their record."
This argument is intended as an answer, even though it
be assumed that the board has a discretion under the
statute and that the pleadings show the averment in the
return and the admission by the motion which would war-

rant a refusal of the desired license. It has no bearing if the statute is to be construed as previously done in the majority opinion, since that construction would end the matter. The parenthetical clause recognizes this as the hypothesis upon which the argument is made. So far as this argument is concerned, therefore, it is to be examined in the light of relator's admission that he has been guilty, subsequent to November 30, 1918, of acts which warrant the board in refusing him a renewal license. It is said the board must accord him a hearing and that the fact that he has not had one precludes consideration of his admission of guilt. The difficulty with this is that relator has sought no hearing. He not only has asked for none but, as the return charges and relator admits, he has refused to cease his admitted violation of the law and has refused so much as to discuss such a cessation, and announced, through his attorney, that the reason for his refusal was that he was "so well loaded that" he wanted to "show his hand." The result of the position taken by the majority in this connection is, therefore, that though it be conceded relator is guilty of acts which justify the board in denying him a renewal license and that the statute gives them a discretion in such a case, yet relator can escape the penalty the law requires to be imposed and compel the board to renew his license, guilty though he be, by the simple expedient of refraining from asking for a hearing and refusing to have the matter of his guilt considered by the board at all. That relator could have required the board to grant him a hearing may be conceded. That he can refuse to have the matter determined by the board and thereby put himself in a position to compel the board to give him a license despite his admitted infractions of the law, and thus deprive the board of the power which the statute vests in it to deny a license because of the things he admits he has done, does not seem to me to be a tenable position. Yet that is what the majority opinion means in the argument set out above.

It is also argued that the letters written by the secretary of the board show the refusal to renew relator's license was grounded upon the finding of the board which was held void in our previous decision.   The license dealt with in that case expired November 30, 1918.   The return in this case avers and relator admits that the violations of the law upon which respondents now stand were committed "after November 30, 1918."   Paragraph III of the return makes it entirely clear that the misdoing relied upon by the board to justify its refusal to renew relator's license occurred after the date mentioned. It says so in so many words. It is true that the letter of May 22, 1920, mentions the alleged trial and finding held void in our previous decision, but it includes, also, many general charges of violations of the dental law.   The other letter merely states that the records of the board show relator's license has been revoked and that his dollar is therefore returned.   These letters do not justify the holding that is made that they conclusively show that the sole reason for refusing the renewal license was the previously made void effort to hold a hearing.   But suppose they did.   Relator now admits that he had frequently, if not continuously, violated the law since the hearing to which the opinion refers.   Since this is true, what difference does it make even if the board did, in May, 1920, assign an unsound reason for refusing then to renew the license? The subsequent course of relator was a continuance of the violation for which the futile attempt to try him had been made.   A mistake in a letter in May would not deprive the board of the power to act upon subsequent offenses in November, if otherwise it had power to act. It will hardly be contended that the letter of the secretary early in November is of great consequence.   Again, though the effort to try relator in 1918 was futile and the revocations based upon the attempted finding then made were void, this did not render the violations which the board then attempted to examine any less efficacious

to sustain a subsequent refusal to renew relator's license. The fact the violations had occurred, if they did, would just as well support such refusal after the futile hearing had been had as it would have done before. The implication in the majority opinion that because the effort to *try* relator proved to be fruitless, therefore his misdeeds were wiped out entirely and could not be thereafter considered by the board at all, introduces a new conception of the effect of proceedings had without jurisdiction.

So far as concerns the argument under (3) in Paragraph IV of the majority opinion, the statute furnishes the answer and this has already been considered.

With the facts admitted as charged and the powers of the board such as shown by the statute quoted, I am unable to agree to the majority opinion. Relator has not shown any arbitrary or oppressive action by the board. He admits facts which show it did its duty when it refused to license him. He admits he refused to take up the matter of his misconduct and even discuss it with the board.

The majority opinion seems to place too much stress upon general language used in sections of the statutes other than Section 12636. This statute expressly gives discretion to the board. Its particular provisions cannot be held destroyed by general language used elsewhere unless well known canons of construction are to be abandoned.

It may be added that the decision which the majority opinion overrules is well supported by Section 12636 and, in my opinion, is sound law.

Very respectfully I dissent. *David E. Blair, J.,* concurs in these views: