THE STATE EX REL. ANTON SCHULER, SHERIFF OF CITY OF ST. LOUIS, AND ARTHUR STEPHENS, DEPUTY SHERIFF, v. LOUIS NOLTE, COMPTROLLER OF CITY OF ST. LOUIS, AND WILLIAM BEUCHNER, TREASURER.

Court en Banc, June 17, 1926.

1. **MANDAMUS: Constitutional Question: General Demurrer.** In Jurisdictions where the court itself has clearly indicated the manner in which constitutional questions are to be raised, such judicial expression becomes a rule which cannot be ignored; and this court has in numerous cases ruled that a constitutional question, in mandamus proceedings, is not raised by a general demurrer to the petition for the writ, but that to assail as unconstitutional a statute relied upon by relator as his basis for the writ, the respondent must point out the provision of the Constituion alleged to be violated. A general demurrer in mandamus does not. challenge the constitutionality of a statute relied upon as the ground of the cause of action, unless no judgment can be rendered without deciding the constitutional question.

**Held,** by GRAVES, J., concurring, with whom WALKER, J., concurs, that no distinction relating to the application of the general rule can be drawn,

but in all original proceedings, in whatever court tried, the only triable issues are those made by the pleadings, and if a constitutional question is relied upon it must be raised at the earliest opportunity, and is not raised by a general demurrer.

**2. SHERIFF: Deputies: Payment: Ordinance.** Section 3 of the Act of 1925, Laws 1925, page 328, providing that the Sheriff of the City of St. Louis shall, with the approval of the judges of the circuit court of said city, appoint as many deputies and assistants as may be necessary to perform the duties of his office, and fix the compensation for their services, "which compensation, however, shall not in any case exceed the annual rate of compensation fixed by the board of aldermen," is not inoperative until 'he board of aldermen shall have fixed the annual rate of compensation which the deputies and assistants shall receive, but such section means that the rate of compensation is the salary the holder of each classified position is to be paid, and not the total appropriation made by ordinance, or the number of employees.

Corpus Juris-Cyc. References: **Constitutional Law,** 12 C. J., Section 215, p. 784, n. 42 New, 43, 48, 50 New; Section 216, p. 785, n. 56; Section 217, p. 785, n. 63. **Mandamus,** 38 C. J., Section 629, p. 900, n. 82. **Sheriffs and Constables,** 35 Cyc., p. 1561, n. 59 New.

Mandamus.

PEREMPTORY WRIT AWARDED.

*Oliver T. Remmers* for relators.

(1) The sheriff and the judges of the circuit court have the exclusive power to fix the number of deputy sheriffs necessary to perform the duties of the sheriff's office. Sec. 11637, R. S. 1919; Laws 1925, sec. 3, p. 329. (2) A city cannot, by ordinance or resolution, add to or take from the requirements of a statute, and the State may retain to itself some part of the government within a municipality. State ex rel. v. Gordon, 217 Mo. 103; City of Fulton v. Sims, 127 Mo. App. 677; Kansas City v. Vineyard, 128 Mo. 75; State v. De Bar, 158 Mo. 395. (3) Obviously, the rate of compensation can mean but one thing, and that is the salary each classified position is to pay per month or year, and not the total appropriation or number of employees. (4) It is incumbent upon the Legislature to provide for the maintenance of officers of the State and officers of the courts, and as the General Assembly has control over the revenue of a city it can compel the city to support such officers and may make an appropriation direct out of municipal revenues for that purpose. Flanagan v. Kansas City, 69 Mo. 462; State ex rel. v. Field, 119 Mo. 593; State ex rel. Faxon v. Owsley, 122 Mo. 68; State ex rel. Lynn v. Board of Education, 141 Mo. 45; State ex rel. v. Pike County, 144 Mo. 275; State ex rel. Hawes v. Mason, 153 Mo. 23; State ex rel. City of Carthage v. Gordon, 217 Mo. 103; Reilly v. Kansas City, 31

Mo. App. 439; State ex rel. Goodnow v. Police Commissioners, 80 Mo. App. 206; State ex rel. Reynolds v. Jost, 265 Mo. 51.

*Julius T Muench* and *Charles J. Dolan* for respondents.

(1) The act relating to the compensation of the sheriff, his deputies and assistants, and fixing and regulating the compensation of the sheriff's attorney, is null and void, for the reason that it violates Section 53 of Article IV of the Constitution of Missouri, prohibiting the enactment of special and local laws. Henderson v. Koenig, 168 Mo. 356; State ex rel. Garesche v. Roach, 258 Mo. 541. (2) Section 3 of the said act is null and void for the further reason that the subject-matter of the said section is not clearly expressed in the title of the act. Mo. Constitution, art. 4, sec. 28; Williams v. Railroad, 233 Mo. 666. (3) Section 3 of the said act is null and void for the further reason that it seeks unlawfully to delegate to the sheriff and to the judges of the circuit court the performance of a legislative function, namely, the determination of the number of deputies and assistants who may be appointed by the said sheriff. Lammert v. Lidwell, 62 Mo. 188; State ex rel. v. Pond, 93 Mo. 606; City of St. Louis v. Russell, 116 Mo. 248. (4) The Act of 1925, unlike the statute involved in the Mason case, cited by relators, does not make a specific appropriation out of the funds in the hands of the treasurer of the city of St. Louis, but unlawfully seeks to delegate to the sheriff the power to determine the amount of such appropriation. (5) Section 3 of the said act provides that the compensation of such deputies and assistants as may be appointed shall not exceed the annual rate of compensation fixed by the board of aldermen, and therefore the said section cannot become operative until an annual rate of compensation shall have been fixed by the board of aldermen. As the board of aldermen has not fixed the annual rate of compensation for "as many deputies and assistants as may be necessary to perform the duties of the sheriff's office," but merely the monthly salaries of sixty-five employees, Section 3 is not operative.

ATWOOD, J.—This is an original proceeding in mandamus instituted by Anton Schuler, Sheriff of the City of St. Louis, Missouri, and Arthur Stephens, one of his deputies, to compel the Comptroller and the Treasurer of the City of St. Louis to honor and pay the salary pay-roll of said sheriff and his sixty-nine deputies and assistants, as certified by him from December 1, 1925, to December 15, 1925.

The substantial allegations of relators' petition, after identifying the parties hereto, are that the office of sheriff in the State of Missouri was created by the Constitution of Missouri; that the Sheriff of the

City of St. Louis is required by law to have a sufficient number of
assistants and deputies to perform the duties of his office; that under
the laws of this State he has the power and authority to appoint as
many deputies and assistants as the work of his office requires, sub-
ject to the approval of the circuit judge, and in the case of the Sheriff
of the City of St. Louis to the approval of the judges of the circuit
court in general term; that respondent Louis Nolte, as Comptroller,
has refused to honor, voucher and order paid the pay-roll of the
Sheriff of the City of St. Louis and the assistants and deputies and
employees of the sheriff's office, as the same was duly certified and
signed by Anton Schuler, Sheriff as aforesaid, and by him submitted
to said Comptroller for the earned and unpaid salaries and wages
due said sheriff and his assistants, deputies and employees, includ-
ing petitioner Arthur Stephens, herein for the period from Decem-
ber 1, 1925 to December 15, 1925, and that said William Beuchner,
as Treasurer of the City of St. Louis, because of the refusal of said
Comptroller to approve, voucher and authorize the payment of said
above-mentioned pay-roll has refused to make the payments as afore-
said, said pay-roll being fully set out in said petition; that said
Comptroller has arbitrarily and without authority of law refused to
honor and pay said pay-roll in its entirety, and has arbitrarily and
without authority of law stricken therefrom and refused to pay the
wages and salary due petitioner Arthur Stephens and others whose
names appear upon said pay-roll; that said Comptroller and said
Treasurer are without legal authority or right whatsoever to withhold
and refuse to pay any or all of said Sheriff's assistants, deputies or
employees, and that said Comptroller and Treasurer are unlawfully
usurping power and authority not given them under the laws of
this State; that on April 30, 1925, the Governor of Missouri approved
House Bill No. 231, the same being an act of the General Assembly of
the State of Missouri relating to the office of Sheriff of the City of
St. Louis, being ''An Act to repeal an act of the General Assembly
found in the Session Acts of 1879, at page 97, entitled, 'An Act regu-
lating the compensation of the Sheriff of the City of St. Louis,' ap-
proved May 19, 1879, and to enact in lieu thereof a new act fixing and
regulating the compensation of the Sheriff of the City of St. Louis, his
assistants, and fixing and regulating the compensation of the sher-
iff's attorney, with an emergency clause,'' found on pages 328, 329
and 330 of the Laws of Missouri of 1925; that Section 2 of said act
provides that all fees earned by the Sheriff of the City of St. Louis
during any calendar month shall be paid into the treasury of the
city of St. Louis on or before the tenth day of the next succeeding cal-
endar month and that said sheriff has turned over to the treasury
of the city of St. Louis all fees earned by the sheriff during any cal-
endar month; that Section 3 of said act provides that said sheriff

shall, with the approval of the judges of the circuit court of said city appoint as many deputies and assistants as may be necessary to perform the duties of his office, and fix the compensation for their services, which compensation, however, shall not in any case exceed the annual rate of compensation fixed by the Board of Aldermen of the City of St. Louis therefor; that Section 5 of said act provides that said sheriff shall receive for his services the sum of ten thousand dollars per annum, said sum and the compensation of said sheriff's deputies and assistants to be paid out of the treasury of the city of St. Louis in equal semi-monthly installments; that said comptroller has approved and vouchered, and said treasurer has paid four previous and similar pay-rolls prior to the pay-roll above mentioned; that on Monday, June 1, 1925, the judges of the Circuit Court of the City of St. Louis, sitting in general term, ordered that the number of deputies and assistants to be employed in the office of the sheriff of the city of St. Louis, when the above law takes effect, to-wit, on the 10th day of July, 1925, be fixed at sixty-one, and that the number of said deputies and assistants beginning with the October term, 1925, be fixed at seventy, and that the following recommendation be submitted to the Board of Aldermen of the City of St. Louis with reference to the salary to be paid to the employees in the office of said sheriff, as provided for in the act aforesaid, effective as and of July 10, 1925, to-wit:

Chief deputy criminal division ..................$300.00
Chief deputy civil division ...................... 300.00
Assistant chief deputy civil division .............. 225.00
Execution deputy .............................. 300.00
Property man ................................. 250.00
Bookkeeper and cashier ......................... 250.00
Court room deputies ............................ 175.00
Service deputies ............................... 165.00

Relators' petition further alleges that on July 9, 1925, Ordinance No. 34280 of the city of St. Louis was approved, fixing salaries and making appropriations, along with other appropriations, for the salaries of sixty-five deputies and employees in said sheriff's office, said ordinance to take effect and be in force from and after the date when said House Bill No. 231 should become effective; that on October 5, 1925, the judges of the city of St. Louis in general term, under authority given them by Section 11637, Revised Statutes 1919, and the Laws of 1925, made an order approving the appointment by name of fourteen deputy sheriffs of the city of St. Louis, including relator Arthur Stephens; that said comptroller, upon demand, refused and still refuses to approve said pay-roll, and order said payments made, and said treasurer refused and still refuses to pay said pay-roll so certified as required by law, and that said comptroller struck four

names from said pay-roll, one of the names so stricken therefrom being relator Arthur Stephens, who is classified as on "Outside Deputy" and whose rate of pay is $145 per month, and who having worked one-half month is entitled to the sum of $72.50, which amount said comptroller and treasurer have refused and still refuse to pay; and said relators pray specific relief as aforesaid, and for general relief.

Respondents filed their written entry of appearance and waiver of the issuance and service upon them of the alternative writ of mandamus, and demurred to said petition on the following grounds:

"1. That said petition and alternative writ do not state facts sufficient to constitute a cause of action against these respondents and in favor of relators.

"2. That said petition and alternative writ and all the things and matters therein stated and set forth are not sufficient to authorize the issuance of the writ of mandamus as prayed for.

"3. That Ordinance No. 34280, set out in the relators' petition, fixed the annual rate of compensation for sixty-five employees and deputies of the sheriff's office, and appropriated, for the payment of the salaries of said employees and deputies during the fiscal year, the sum of $101,595; that the amount demanded by the sheriff on the pay-roll submitted by him to the respondents, a copy of which is set out in the petition of relators, was in excess of the sum so appropriated and in excess of the total rate of compensation so fixed by the Board of Aldermen of the City of St. Louis in and by said Ordinance No. 34280 for the employees and deputies of said sheriff for the remainder of said fiscal year, and that it was therefore the duty of the respondent, Louis Nolte, as Comptroller of the City of St. Louis, to refuse to approve said pay-roll as certified to him by the relator, Anton Schuler, as Sheriff."

Respondents do not question the soundness of relators' position that the State has the power to compel the city of St. Louis to provide means to defray expenses of the sheriff's office, but they contend that the Act of 1925, specifically pleaded in relators' petition and upon which the pay-roll in question is based, violates certain provisions of the Constitution of Missouri, and for other reasons is null and void. Relators have not favored us with a brief in reply to these contentions, but as to the constitutional questions which respondents seek to raise we must necessarily first of all determine whether or not we have jurisdiction to consider them.

It will be noted that as to these matters respondents in effect stand upon a general demurrer. Demurrer to the petition in mandamus is proper when the issuance of an alternative writ has been waived. [38 C. J. 900.] In some jurisdictions it is held that constitutional questions are properly raised by general demurrer where the cause

of action or the defense interposed rests on a certain statute or statutes, the theory being that such a pleading goes to the substance of the declaration and its sufficiency in law and an invalid statute is the same as no statute. If such is conceded to be the nature and function of a general demurrer, and no limitation is laid by the court itself upon the manner of raising constitutional questions, the logic of this rule is unanswerable. [Shepherd v. City of Sullivan, 168 Ill. 78; Woodruff v. Kellyville Coal Co., 182 Ill. 480; Christy v. Elliott, 216 Ill. 31; Duffy v. Rodriquez, 124 N. Y. Supp. 529; Cosmopolitan Trust Co. v. Mitchell, 136 N. E. 403; Beauvoir Club v. State, 148 Ala. 643.]

However, in jurisdictions where the court itself has clearly indicated the manner in which constitutional questions are to be raised, such judicial expression becomes a rule which may not be ignored. In Missouri and in a number of other states it is held that constitutional questions may be raised by demurrer as well as by answer (Dubowsky v. Binggeli, 258 Mo. 197, l. c. 202), but whatever the mode of pleading it must point out the particular constitutional provision or provisions violated. Thus, in State ex rel. v. Tibbe Electric Co., 250 Mo. 522, an appeal in an action to recover the penalty imposed by statute for failure of defendant to make a report to the Secretary of State as required by law, wherein defendant filed a general demurrer, we said. "It has long been ruled that a finger must be placed upon the provision of the Constitution alleged to be violated, before the question is sufficiently raised to require notice. General allegations, as here found, will not do. [Lohmeyer v. Cordage Co., 214 Mo. l. c. 688 and cases cited, and Street v. School District, 221 Mo. l. c. 671, and cases cited therein.]" Also, in Republic Rubber Co. v. Adams, 213 S. W. 80 (a Missouri Supreme Court decision not officially reported), where a petition in the usual form of suit on account reached us on appeal and the answer, among other matters, pleaded the statutes relied upon as a defense, and plaintiff demurred generally to certain counts in the answer, including the matter pleaded as a defense, we said: "If by the demurrer it was intended to strike at the constitutionality of the statutes pleaded, then the consitutional provisions (either State or Federal) should have been pointed out by the pleadings filed after the answer was filed. This was not done, so that the constitutionality of the statutes is not challenged. [Ash v. City of Independence, 169 Mo. 77; Lohmeyer v. Cordage Co., 214 Mo. 688; State ex rel. v. Tibbe Electric Co., 250 Mo. l. c. 527.]" Again, in Weisberg v. Boatmen's Bank, 280 Mo. 199, l. c. 205, we held that no constitutional question being raised in the demurrer filed in the trial court (which the abstract of the record shows was a general demurrer), there was no constitutional question in the case. In a direct proceeding lodged here in the first instance, as in this case, the ground of convenience

requiring early presentation in the court below and preservation of the point on appeal, usually urged in support of the rule, does not appear. However, a very substantial, wholesome and cogent reason of general application does exist in the regard which the judiciary properly holds for the acts of the legislative branch of government, and the consequent presumption which should as long as possible be indulged that such acts are valid. The rule may be invoked in cases which can be decided without in any manner infringing upon or construing the Constitution, and where a litigant may or may not, as he chooses, inject a constitutional question in the case, which does not necessarily present itself. Respondents having framed the issues without raising any constitutional question in accordance with this rule, we are thereby precluded from considering the first four points briefed and argued in which they attack the constitutionality of this statute. In so holding we recognize that the above rule does not apply to cases where no judgment can be rendered without deciding a constitutional question. [State ex rel. v. Smith, 177 Mo. 69, l. c. 95; Lohmeyer v. Cordage Co., 214 Mo. 685, l. c. 690; Kaukauna Co. v. Green Bay Co., 142 U. S. 254.] In such cases constitutional questions necessarily exist. They inhere, persist, obtrude themselves, and do not have to be raised. Hence, the rule as to manner of raising constitutional questions has no application in such cases, but we find nothing of this nature in the case before us and see no reason to apply this doctrine.

Respondents finally contend that inasmuch as Section 3 of the act relied upon by relators provides that the sheriff shall fix the compensation of his deputies and assistants ''which compensation, however, shall not in any case exceed the annual rate of compensation fixed by the Board of Aldermen of the City of St. Louis,'' said Section 3 cannot become operative until the Board of Aldermen shall have fixed the annual rate of compensation which the deputies and assistants of the sheriff shall receive, and that such has not been done, although said board has fixed the compensation of thirty-four court-room deputies at $155 each per month, of twenty-five service deputies at $145 each per month, and of other officers and employees. We cannot agree with respondents' interpretation of what the board has done. Obviously, the rate of compensation can mean but one thing, and that is the salary the holder of each classified position is to be paid by month or year, and not the total appropriation or the number of employees. We are confronted with no showing that the compensation of the deputies and assistants as fixed by the sheriff exceeds ''the annual rate of compensation fixed by the Board of Aldermen of the City of St. Louis.''

For the reasons above stated our peremptory writ should issue and it is so ordered. All concur; *Graves, J.*, in separate opinion, in which *Walker, J.*, concurs.

GRAVES, J. (concurring).—I concur in the opinion of my learned brother, but write these few lines to emphasize the one fact that the constitutionality of the law is not in this case. This is an original proceeding here. It must be governed by the general rule (applicable to all cases being tried in the first instance) that the hearing must be confined to the issues raised by the pleadings. There can be no distinction drawn as to the one application of the general rule. We are hearing the case per force of our original jurisdiction, just as circuit court's hear and determine cases. The same rule of trial procedure applying i. e. (1) that the only triable issues are those made by the pleadings, and (2) that if a constitutional question is relied upon it must be raised at the earliest moment. In this case the earliest moment would be in the answer of return. It was not raised there. It cannot rightfully be raised at an untimely and later period of the trial in brief and argument. With these additional suggestions, I. concur in the opinion of my learned brother, without the discussion of other questions which I think would be as fatal to respondents upon the merits. *Walker, J.,* concurs in these views.