# APRIL TERM, 1928.

BENJAMIN A. CARTRIGHT v. McDONALD COUNTY, Appellant.—5 S. W. (2d) 54.

Division One, April 11, 1928.

*O. R. Puckett* for appellant.

*R. W. Tener* for respondent.

ELLISON, C.—The plaintiff sued McDonald County for back salary alleged to be due him as county superintendent of public schools. The defendant county filed a general demurrer to his petition. The demurrer being overruled, the county refused to plead further and prosecutes this appeal from the judgment entered for the plaintiff. In view of the issues raised it will be sufficient to summarize the petition closely following its language, but not setting it out in full.

It is alleged that on September .9, 1921, the respondent was the duly appointed and qualified Superintendent of Schools of McDonald County and that he continued to serve in the office until April 10, 1923; that at the presidential election in 1920 there were cast in McDonald County 5,288 votes, and under the law then in force in counties having a population of 24,000 and less than 27,000 the salary of the county superintendent of schools was $1800 per year, the population to be determined by multiplying the total number of votes cast in the county at the last preceding presidential election by five, which would make the population of McDonald county 26,440, and fix the respondent's salary at $1800 per year from the date of his appointment to the end of his term.

It is further alleged that the law required the county court to pay the salary monthly out of the county treasury; that the county court failed to pay plaintiff his monthly salary at the above rate for the period aforesaid, but, on the contrary, paid him at the rate of $1350 per year; that the respondent took and received his salary during his tenure in office at the rate of $1350 per year in ignorance of the fact that he was entitled to a greater sum, but did not waive his right to the larger salary; that there was no settlement whatever of the matter between him and the county court, but the court simply issued to him warrants at the rate of $1350 per year and he received them in ignorance of his right to a salary of $1800.

The petition then states there is due the respondent from the appellant county upon his salary for the period aforesaid the sum of $712.50, and that on June 2, 1924, payment thereof was demanded. Judgment is prayed for the $712.50, with interest at six per cent from the date of demand, and for costs.

The appellant contends the judgment entered is erroneous because the facts pleaded did not make a case under the statute law applicable thereto. The petition is obviously based on two statutes, Sections 11352 and 11354, Revised Statutes 1919, though neither is mentioned in the pleading. The former (in its relation to this case) fixes the salary of the county superintendent of public schools in counties having a population between 15,000 and 18,000 at $1350; in counties having a population between 18,000 and 21,000 at $1500; and in counties having a population between 24,000 and 27,000 at $1800. The latter section provides that for the purpose of ascertaining the population of any county in this State in order to determine the salary of the county superintendent of schools, the highest number of votes cast in the county at the last presidential election shall be multiplied by five. Both parties agree Section 11352 applies to the case; and the respondent says Section 11354 also is applicable and that by using the formula fixed therein the salary should be $1800 under the first mentioned statute. The appellant county contends that Section 11354, Revised Statutes 1919, is not applicable because it was amended by the Act of April 1, 1921 (Laws 1921, p. 652) before the respondent was appointed on September 9 of that year. The respondent rejoins in his brief that the amended statute is un constitutional, but that even if valid and controlling in this case h was entitled thereunder to a salary of $1500 per year, and that the allegations of the petition are broad enough to permit him to recover on that basis.

At the outset it should be said the constitutional question is not properly before the court and will not be noticed. The petition is wholly silent as to any such issue. The appellant filed only a general demurrer, and, after judgment, a brief motion in arrest in the usual form. There is nothing in the record to show the point was ever presented in the circuit court at all, unless we draw that inference from the fact that the judgment below was for respondent. So far as appears it is raised for the first time in respondent's brief. A plaintiff who founds his right to recovery on the supposed unconstitutionality of an amended statute cannot raise the question simply by ignoring the amendment, and basing his petition on the law as it previously stood. He must tender the issue at the first opportunity. If the purpose of the petition is to attack the unconstitutionality of a statute it should attack it—specifically. [State ex rel. v. Nolte, 315 Mo. 84, 89, 285 S. W. 501; State ex rel. v. Mo. Dental Board, 282

852

Mo. 292, 302, 221 S. W. 70.] Sometimes a constitutional question will be decided though not properly raised, if imbedded in the case and absolutely necessary to a disposition thereof, but, on respondent's own theory a determination of the constitutionality of the statute will not change the result in this action. So there is nothing to take the controversy outside of the usual rule and the question is, as we say, not before the court. [State ex rel. Chaney v. Grinstead, 314 Mo. 55, 66, 282 S. W. 715; State ex rel. Horton v. Bland, 186 Mo. 691, 701, 85 S. W. 561.]

The matter for determination, then, is simply the construction to be put on the amended Section 11354, for it, and not the 1919 statute, was in effect when the respondent was appointed. The 1921 enactment is as follows:

"For the purpose of ascertaining the population of any county in this State in order to determine the salary as provided in the preceding sections, the highest number of votes cast at the last presidential election in said county shall be multiplied by three and one-half, and the result will be considered and held for the purpose aforesaid as the true population of such county: *Provided that the persons now holding the offices, the salaries of which are determined by this section, shall, to the end of the terms for which they are chosen, draw the same salary that was paid to the persons holding such offices at the time of the general election of November 2, 1920.*"

The part emphasized by the appellant is the proviso, printed above in italics. Attention is first called to the fact that while the respondent was not holding office "now"—that is, at the adoption of the act—but was appointed later, yet the appointment was to fill out the unexpired portion of a four-year term which was current when the law became effective (Sec. 11343, R. S. 1919); and from this it is argued respondent is bound by the proviso as fully as if he were the person originally elected for that term. In other words, appellant insists the proviso refers to the *position* or four-year term of office running when the enactment was passed and not to the *persons* holding office—the incumbents at that time. If this is so, the respondent was entitled, under the terms of the statute, only to such salary as pertained to the office on November 2, 1920, and that, we may judicially notice from the 1916 official election returns and the provisions of Sections 11352 and 11354, Revised Statutes 1919, was the $1350 salary he has already received.

But we are bound by what the section says, and are unable to agree that appellant's construction of it is correct. The proviso declares the "persons now holding the offices" (of county superintendent of schools) shall draw the same salary that was paid on November 2, 1920, to the end of the terms for which they were "chosen." To say this language does not contemplate and refer to

the *persons* holding office *at the time specified*, and them only, is to go directly contrary to what the statute plainly states. It would amount to striking out the whole proviso and reading into the law, in lieu thereof, a reservation that all the preceding part of the section shall not become effective until the first Tuesday in April, 1923, (Sec. 11343, R. S. 1919) and that in the meantime all county superintendents shall draw the salaries payable to their respective offices on November 2, 1920. This is such a departure from what the statute does say that it would have no foundation whatever in the language of the enactment. There is not a word in the proviso indicating it was designed to apply to incumbents inducted *after* its passage, and we hold it does not. This being the case, the preceding part of the statute must govern in determining the respondent's salary.

Did the petition state facts sufficient to support a judgment in favor of respondent based on the 1921 act? It says the respondent was County Superintendent of Schools of McDonald County from September 9, 1921, to April 10, 1923; that he was paid for that period at the rate of $1350 per year, and that he received his pay vouchers in ignorance of his rights; that the vote cast in the county in 1920 at the last preceding presidential election was 5288; that he made demand for the additional salary due him, on June 2, 1924. These allegations were sufficient, we think, as against the respondent's general demurrer (Rodgers v. Western Home Fire Ins. Co., 186 Mo. 248, 255, 85 S. W. 369), notwithstanding the petition further erroneously charged that the population of the county was between 24,000 and 27,000 as ascertained by multiplying the 1920 presidential vote by five, that the annual salary should have been $1800, and that the amount due was $712.50. All these allegations were inserted, of course, because the pleader fancied respondent was entitled to relief under Section 11354, Revised Statutes 1919, instead of the amended section, but they were really conclusions of law and did not aid the petition. The *facts* pleaded entitled respondent to recover under the 1921 law and the other allegations may be rejected as surplusage. [Taylor v. St. L. M. B. T. Ry. Co., 207 Mo. 495, 500, 105 S. W. 740.] Multiplying the vote of 5288 by three and one-half as there provided, made the population 18,508 for the purpose of the salary computation, and under Section 11352, Revised Statutes 1919, the salary in counties of that population was $1500 per year. For the period of respondent's tenure this would come to $237.92 in excess of what he received. At six per cent simple interest from June 2, 1924, the judgment should have been for $254.25. Accordingly, the cause is remanded with directions to enter judgment for respondent for $254.25, as of the date of the original judgment, August 29, 1924, the same to bear simple interest from that date at six per cent per annum, and for costs. *Lindsay* and *Seddon, CC.,* concur.

PER CURIAM:—The foregoing opinion by ELLISON, C., is adopted as the opinion of the court. *Graves, P. J., Gantt, Ragland* and *Atwood, JJ.,* concur.