The State ex rel. Ira A. Dorsey and Gabriel Roth v. Harry E. Sprague and John T. Fitzsimmons, Judges of Circuit Court. —No. 30679.

The State ex rel. Ira A. Dorsey and Gabriel Roth v. Harry E. Sprague and John T. Fitzsimmons, Judges of Circuit Court. —No. 30680.

Thn State ex rel. A. Samuel Bender and Harry C. Meyers v. Harry E. Sprague and John T. Fitzsimmons, Judge of Circuit Court.—No. 30681—33 S. W. (2d) 102.

Court en Banc, October 22, 1930.

*Henry  Kortjohn,  Jr.,*  for  relators.

*George L. Vaughn* for respondents.

WHITE, J.—Each of these three cases is a proceeding whereby the relators seek to prohibit the Judges of Division Number Two of the Circuit Court of the City of Saint Louis from entertaining a primary election contest.

Upon the issuance of our preliminary rules in prohibition the respondents filed their several returns, to which relators for reply filed general denials. But essential facts are not in dispute.

In cases No. 30679 and No. 30680, the relators were candidates for the nomination for Constable on the Republican ticket at the August primary, 1930, in the Fifth Constabulary District in the City of St. Louis. In Case No. 30,681, the relators were candidates for the nomination for Justice of the Peace on the Republican ticket in that constabulary district.

The vote for the several parties to the contest suits in that district, as returned by the Board of Election Commissioners of the City of St. Louis, was as follows: For Constables: Ira A. Dorsey received 2408 votes; Gabriel Roth received 2486 votes; Jordan W. Chambers received 1740 votes; Jeff Covington received 1449 votes. Dorsey and Roth were returned as nominated.

The vote for Justice of the Peace in that district as returned by the board, was as follows: A. Samuel Bender received 2055 votes; Harry C. Meyers received 2349 votes; Nicholas A. Polito received 1211 votes. Bender and Meyers were returned as nominated.

The defeated candidate, Jeff Covington, brought a proceeding before Judge Sprague of Division Number Two of the Circuit Court of the City of St. Louis against Dorsey and Roth to contest their nominations for constable, alleging certain fraud in the several different wards and precincts; that some votes cast for the contestants were counted for the contestees, and other irregularities and frauds were committed, by which the contestees, relators here, were declared nominated. Relators in Case No. 30679 seek to prohibit further proceeding in that contest.

Defeated candidate Jordan W. Chambers brought similar suit to contest the election of Dorsey and Roth; relators in No. 30680 seek to prohibit further proceedings in that contest.

Nicholas Palito, defeated candidate, brought suit against Harry C. Meyers and A. Samuel Bender to contest the nomination of the latter two for justices of the peace. Relators in No. 30681 seek to prohibit further proceeding in that contest.

The contestants in each case, August 16, 1930, served what was styled a "notice of contest;" August 20th they filed what they designated "a contest of primary election." These were filed in the office of the Clerk of the Circuit Court of the City of St. Louis. To each of these was attached a summons requiring the contestee to appear before the judges of the circuit court on the first day of the October term. Personal service of the summons was had only against contestee Dorsey. The other summonses were not served.

Respondents here, contestants there, contend that these summonses were void and of no force and effect. They call attention to the

fact that the petitions filed August 20, 1930, in the office of the Clerk of the Circuit Court of the City of St. Louis, were presented to the respondent Judge Harry E. Sprague, Judge in Division Number Two of the Circuit Court, and said respondent Sprague issued orders to the contestees returnable on the 26th day of August, to show cause, and, thus the contest proceedings were not returnable to the October term of court, were not brought to any court, nor pending in any court, but were presented to Judge Sprague, Judge of the Circuit Court, and by him ordered returnable in vacation according to the terms of the Act of 1929.

The contestees in each contest case moved to dismiss the proceeding for want of jurisdiction. All of these motions were by Judge Sprague of that division overruled in a memorandum which he filed with the case indicating that the court would proceed with the trial of the contest cases. Thereupon the contestees, relators, brought these proceedings.

The petitions of relators set out in full the petitions of the several contestants and other pleadings in the contest cases, and the manner by which process was claimed to be served upon relators.

I. Relators contend that the Act of 1929, under which the contest proceedings were brought, is unconstitutional in several particulars; also they claim that the circuit court never acquired jurisdiction by proper service upon the contestees, relators here.

Section 3 of Amendment No. 9 to the Constitution, adopted in 1924, provides that all election officers shall be sworn or affirmed not to disclose how any voter shall have voted, and contains this proviso (Laws 1925, p. 410):

"Provided, that in cases of contested elections, grand jury investigations and in the trial of all civil or criminal cases in which the violation of any law relating to elections, including nominating elections, is under investigation or at issue, such officers may be required to testify and the ballots cast may be opened, examined, counted, compared with the list of voters and received as evidence."

The proviso was thus construed in State ex rel. Goldman v. Hiller, 278 S. W. l. c. 709, all judges of Court en Banc concurring, as instances in which ballot boxes may be opened:

" '(1) In cases of contested elections, (2) grand jury investigations, and (3) in the trial of all civil or criminal cases in which the violation of any law relating to elections, including nominating elections, is under investigation or at issue.' "

The case concerned a recount at a general election. That construction would not include nominating elections; the term as used refers only to cases pending in court affecting violations of the

election law. That construction is reenforced by the following provision in Section 8 of the Amendment (Laws 1925, p. 411):

"The trial and determination of contested elections of all public officers, whether state, judicial, municipal or local, except Governor and Lieutenant-Governor, shall be by the courts of law, or by one or more of the judges thereof. The General Assembly shall, by general law, designate the court or judge by whom the several classes of election contests shall be tried and regulate the manner of trial and all matters incident thereto."

It limits the form for election contests of public officers; it does not include contests by nominees for office. It has been repeatedly held by this court that the term "elections" does not include nominating, primary elections. A contested primary nomination would not be a contested election within the terms of that section. We held in State ex rel. Hollman v. McElhinney, 315 Mo. 731, that the Act of 1921 was unconstitutional because it authorized a recount and determination of legality of ballots by a ministerial board, when the Constitution permits it to be done only in courts of law. Thus Amendment No. 9 instead of enlarging, further restricts the conditions under which the ballot boxes may be opened. That the Constitutional Convention intended Amendment No. 9 to have that limited application appears in the debates upon it. The General Assembly more liberal than the Constitutional Convention, sought by the Act of 1929 to expand the authority of Amendment No. 9 beyond the intention of the convention.

II. Section 2 of the Act of 1929 (Laws 1929, p. 195), under which the contests under consideration were brought, says: "The circuit courts and *judges thereof in vacation* are hereby vested with jurisdiction and authority to hear and determine contests of primary election cases."

Section 4 of the act provides that the judge in vacation may determine all questions relating to the form and legality of the ballots and the qualification of the voters and render judgment based upon the issues of law and fact.

That is a function which may be exercised only by a *court*. It goes far beyond a mere recount of the ballots. Whether that provision is separable from the other part of the section vesting that authority in the courts is not necessary in the determination of this case because the proceeding here was begun before a judge in vacation who took cognizance of it. [Dorris Motor Car Co. v. Colburn, 270 S. W. 1. c. 345.]

It is held by this Court en Banc, in State ex rel. McDonald v. Lollis, County Clerk, Buchanan County, 326 Mo. 644, 33 S. W. (2d) 98, that the provision vesting a judge in vacation with authority to

.hear and determine a primary contest is not severable from the other provisions of the act. A primary contest, in order to be effective, must be summary and speedy, and confining such a proceeding to a court in term time would make it unworkable to effect the purpose for which it was enacted. Very probably the Legislature would not have passed the act without a provision for speedy and effective action.

III. It may be noted that Section 1 of Article 4 of the Constitution declares that legislative power "subject to the limitations herein contained shall be vested in The 'General Assembly.'" The General Assembly is not a legislative body of delegated powers, but general powers. It has all legislative authority except where that authority is restricted. In making provision for primary nominating contests it is not restricted to provisions of the Constitution relating to general elections. [State ex rel. v. Hartmann, 231 S. W. 985; State ex rel. v. Taylor, 220 Mo. 1. c. 631.] Any provision of any legislative act relating specifically to general elections and contests of general elections do not apply to primary elections unless made so by direct legislative acts, because primary nominating elections are not elections within the meaning of that provision of the Constitution.

There appears in the Constitution no limitation of the powers of the General Assembly relating to elections which would prohibit a statute providing for a contest of primary nominations and the opening of ballot boxes in such primary contests. It seems also that the Legislature could provide for a summary proceeding and a speedy hearing, by authorizing a judge of a circuit court to call a special session of the court for the purpose.

The Legislature might provide further for the recount of the ballots by an election board or other ministerial body, but such recount could not include the judicial determinations set out in the Act of 1929.

For the reason that Judge Sprague in vacation had no authority to entertain the contest proceedings begun before him the preliminary rule is made permanent. *Frank* and *Gantt, JJ.,* concur; *Blair, J.,* concurs in Paragraph II and the result; *Atwood, J.,* concurs in the result; *Ragland, C. J.,* dissents in separate opinion; *Walker, J.,* absent.

RAGLAND, C. J. (dissenting): Adhering to the views expressed by me in State ex rel. McDonald, relator, v. Lollis, County Clerk of Buchanan County, respondent, *ante,* p. 644, 33 S. W. (2d) 98, decided at this term, namely, that if the statute be properly construed it is not unconstitutional, I respectfully dissent. ·