STATE OF MISSOURI at the Relation of OSCAR H. JACOBSMEYER, Relator,
v. THOMAS THATCHER, EUGENE TIGHE and EMIL F. WOHL-
SCHLAEGER, Judges of the County Court of St. Louis County.—
88 S. W. (2d) 187.

Division Two, November 21, 1935.

*Clark, Boggs, Peterson & Becker* for relator.

1226

*John E. Mooney* for respondents.

LEEDY, J.—Original proceeding in mandamus to compel the County Court of St. Louis County to pay relator sums alleged to be due him upon his salary as circuit clerk. Our alternative writ issued, and respondents, as and for their return, filed a demurrer to the petition and writ.

As to the pleadings: After alleging the official capacities of respondent judges, constituting the County Court of St. Louis County, the petition avers that relator was elected at the November, 1934, election, and that he qualified and entered upon his duties on January 1, 1935, and has ever since performed the duties of his office. That the population of St. Louis County, according to the last (1930) decennial census was 211,593; that at the last general election, to-wit, November, 1934, the highest number of votes cast for any office was for the office of Superintendent of Schools, 61,087 votes being cast for said office; "that under and by virtue of the laws in such cases made and provided, your relator, the petitioner herein, as clerk of the Circuit Court of said county, is and has been since the first day of January, 1935, entitled to an annual salary of five thousand dollars ($5,000.00), said salary to be paid out of the treasury of said county in equal monthly installments at the end of each month in the amount of four hundred sixteen and 66⅔/100 dollars ($416.66⅔)."

The petition further alleges that respondent judges, "have, since the first day of January, 1935, failed and refused to pay petitioner the monthly installments of his annual salary at the rate of five thousand dollars ($5000.00) per year; that for the months of January, February, March, April and May, 1935, said judges, constituting the county court, have paid to your petitioner only the sum of twelve hundred fifty dollars ($1250.00); that there is due and owing your petitioner for his services as Circuit Clerk of said county for the months of January, February, March, April and May, 1935, a balance in the amount of eight hundred thirty-three and 33/100 dollars ($833.33) for which your petitioner has made demand of said judges constituting the county court, and payment thereof has been by them refused."

It is further alleged that for the month of June, 1935, there is due relator for his services the sum of four hundred sixteen and 66/100

dollars ($416.66), which has been demanded, and payment thereof refused. The prayer of the petition is in conventional form.

The grounds of respondents' demurrer are as follows:

"I. Because the said petition fails to state facts sufficient to constitute a cause of action.

"II. Because it appears upon the face of said petition that relator has already been paid all the compensation to which he is entitled under the law."

Relator's claim to a salary of five thousand dollars ($5000) per annum is based on the provisions of Sections 11820, 11808, and 11813, Revised Statutes 1929, which sections, he says now constitute the law for the payment thereof. Respondents' position is that the provisions of the statutes giving rise to relator's claim were repealed by an act of the 1933 Legislature. Relator's brief expressly admits the correctness of such contention, if the repealing act is a "constitutional and valid law."

The case has been briefed and submitted on the theory that the constitutionality of the several sections of the so-called repealing Act (Laws 1933, p. 369) is the sole question involved in this proceeding. We think no such issue is in the case because not raised by the pleadings. It was said by GRAVES, J., in State ex rel. v. Grinstead, 314 Mo. 55, 282 S. W. 715, "It is a familiar rule that a case must be determined upon the issues raised by the pleadings. To this rule we compel the trial courts to adhere. To the same rule we should adhere in the disposition of an original proceeding here, where we are the triers of the facts as well as the law. In this case the first mention of the unconstitutionality of Section 734, of Revised Statutes 1919, is made in the briefs, after the issues were made, the evidence taken, and the cause ready for submission to the court. So we say that the question is not within the issues made by the pleadings, and not really here for determination."

And in Cartright v. McDonald County, 319 Mo. 848, 5 S. W. (2d) 54, this court, for a like reason, declined to examine into the constitutionality of a statute under pleadings in the precise state found in the case at bar. We think it controlling. It was there held (l. c. 851), "At the outset it should be said the constitutional question is not properly before the court and will not be noticed. The petition is wholly silent as to any such issue. The appellant filed only a general demurrer, and, after judgment, a brief motion in arrest in the usual form. There is nothing in the record to show the point was ever presented in the circuit court at all, unless we draw that inference from the fact that the judgment below was for respondent. So far as appears it is raised for the first time in respondent's brief. *A plaintiff who founds his right to recovery on*

*the supposed unconstitutionality of an amended statute cannot raise the question simply by ignoring the 'amendment, and basing his petition on the law as it previously stood.* He must tender the issue at the first opportunity. If the purpose of the petition is to attack the unconstitutionality of a statute it should attack it specifically. [State ex rel. v. Nolte, 315 Mo. 84, 89, 285 S. W. 501; State ex rel. v. Mo. Dental Board, 282 Mo. 292, 302, 221 S. W. 70.]'' (Italics ours.)

No construction of the 1933 act is asked for, and in view of the admission of relator, above mentioned, it is perfectly clear that our alternative writ heretofore issued must be quashed. It is so ordered. All concur.