STATE OF MISSOURI at the relation of WILLIAM DENGEL, Relator, v. M. HARTMANN, Judge of the Circuit Court of the City of St. Louis.— 96 S. W. (2d) 329.

Court en Banc, August 1, 1936.

*Ernest F. Oakley* and *James T. Blair, Jr.*, for relator.

*Franklin Miller* and *Forrest G. Ferris, Sr.,* for respondent.

· LEEDY, J.—This case, coming to the writer on reassignment, is an original proceeding in prohibition, by which relator seeks to prohibit the respondent judge from enforcing a certain subpoena *duces tecum.* The subpoena, ordered issued by respondent, was directed to, and served upon the Secretary of the Board of Election Commissioners of the City of St. Louis, and commanded him to produce and bring with him "for examination, inspection, and comparison" by the grand jury of the division of the circuit court presided over by the respondent judge, then in session, the ballot boxes, ballots, registration books, poll books and tally sheets used in precinct 15 of ward 4 of the city of St. Louis at the primary election held August 7, 1934.

For the sake of brevity, reference is made to the petition in State ex rel. Feinstein v. Hartmann, J. (Mo.), 231 S. W. 982, which is set out in full in the opinion in that case, l. c. 983, inasmuch as relator's petition is a duplicate thereof, except as to names, dates, and precincts · involved. A provisional rule in prohibition was issued, to which respondent, in due time, as and for his return, filed a demurrer. The facts not being in dispute, the issue is purely one of law.

Section 3 of Amendment No. 9 to the Constitution (now Sec. 3, Art. VIII, Constitution of Missouri), adopted by the people at a special election held February 26, 1924 (Laws 1925, p. 410) provides: "All elections by the people shall be by ballot. Every ballot voted shall be numbered in the order received and its number recorded by the election officers on the list of voters opposite the name of the voter who presents it. All election officers shall be sworn or affirmed not to disclose how any voter shall have voted: Provided, That in cases of contested elections, grand jury investigations and in the trial of all civil or criminal cases in which the violation of any law relating to elections, including nominating elections, is under investigation or at issue, such officers may be required to testify and the ballots cast may be opened, examined, counted, compared with the list of voters and received as evidence."

Relator argues that the elections referred to in the above section are general elections only, and not nominating or primary elections, so that the Legislature has full power to make such regulations as it

may deem fit with respect to the secrecy of the ballot in primary elections, unfettered and unhampered by the constitutional provision, supra. Such were the holdings prior to the adoption of the amendment. [State ex rel. Feinstein v. Hartmann, 231 S. W. 982, and cases cited.] Following the decision in the Feinstein case, supra, which was decided in 1921, the Legislature, at an extra session, passed an act providing that the primary elections authorized by Article XII, Chapter 30, Revised Statutes 1919 (Art. XIII, Chap. 61, R. S. 1929) shall not be deemed an election within the meaning of Section 3 of Article VIII of the Constitution, and authorizing the inspection and use of primary election ballots, poll books, and other election returns by grand juries and in criminal prosecutions. [Laws 1921, 1st Ex. Sess., p. 67.] At the same session, Section 5403, Revised Statutes 1919 (now Sec. 1716, R. S. 1929) was amended by adding the words "but ballots cast in any primary election may be so used." [Laws 1921, 1st Ex. Sess., p. 70.] Relator, *in his brief*, assails the constitutionality of these two acts, because, it is asserted, they relate to subjects not included in the Governor's proclamation, or recommended by special message, as provided by Section 55 of Article IV of the Constitution.

■ The argument is made that said acts, being unconstitutional, did not have the effect of repealing Section 5403, Revised Statutes 1919, as it stood theretofore, and, under said section, the court was without power to compel the production of the ballots and ballot boxes in question. But one of the difficulties of relator's position is that no such question is raised by the pleadings, and, under the settled practice of this court, a constitutional question cannot be raised for the first time in the briefs, and so it will not be considered. [State ex rel. Chaney v. Grinstead, 314 Mo. 55, 282 S. W. 715; Cartright v. McDonald County, 319 Mo. 848, 5 S. W. (2d) 54; State ex rel. Jacobsmeyer v. Thatcher et al., 337 Mo. 1225, 88 S. W. (2d) 187.] Furthermore, it is hornbook law that, "if a previous law conflicts with a new constitutional provision, the law withers and decays and stands for naught as fully as if it had been specifically repealed." [State ex rel. Goldman v. Hiller (Mo.), 278 S. W. 708.]

■ This is the first case in which this court has been called upon to construe the proviso of Section 3 of Article VIII, as amended, insofar as it relates to "grand jury investigations." In State ex rel. Goldman v. Hiller, supra, it was said that the provision was broader than any previous provision of our organic law. In construing it, the court, speaking through GRAVES, J., used this language: "The first portion is the time-worn provision covering the secrecy of the ballot. The proviso, however, is the thing of interest in this case. This proviso limits the broad provisions for secrecy of the ballot, by allowing two things: (1) Allowing the election officers to raise the veil of secrecy and testify in certain named instances; and (2)

to further raise the veil of secrecy and permit the ballots to 'be opened, examined, counted, compared with the list of voters, and received as evidence.' Note the word 'counted.' Now when can these officers testify, or these ballot boxes be opened, and the ballots be counted? The new Constitution answers the question. It says: '(1) In cases of contested elections, (2) grand jury investigations, and (3) in the trial of all civil or criminal cases in which the violation of any law relating to elections, including nominating elections, is under investigation or at issue.' Thus the Constitution names the instances where the secrecy of the ballot may be exposed, and the ballots recounted.'' In the later case of State ex rel. Hollman v. McElhinney, 315 Mo. 731, 286 S. W. 951, it was held that the amendment ''extends the constitutional guaranty of a secret ballot, so that the term 'all elections by the people' used in the first sentence of Section 3 now includes nominating elections, and by virtue thereof we are now bound to maintain secrecy of the ballot in nominating elections, except as otherwise provided in the Constitution.'' But relator strenuously insists that the Hollman case is not the latest controlling decision, and that State ex rel. Dorsey v. Sprague, 326 Mo. 654, 33 S. W. (2d) 102, is in conflict with, and overrules the Hollman case. While there is language in the Sprague case not consistent with the Hollman case, yet it cannot be considered a ruling decision, if for no other reason, than it had the full concurrence of only two other judges; one in result only; another in result and one paragraph; one judge was absent, and one dissented. The construction given the proviso in the Hollman case accords with the purpose of the amendment, and was proper, and to it we adhere. It follows that there is nothing in the contention that the proviso has limited the inclusion of nominating elections to the third situation, namely, ''in the trial of all civil or criminal cases in which the violation of any law relating to elections, including nominating elections, is under investigation or at issue.'' The provisional rule in prohibition should be discharged. It is so ordered. All concur.