STATE OF MISSOURI ex rel. JOSEPH ARENA and VINCENT P. DIMUR-CURIO, Relators, v. JESSE W. BARRETT, WILLIAM E. BUDER, ALPHONSE G. EBERLE and A. SIDNEY JOHNSTON, as the Board of Election Commissioners of the City of St. Louis, Missouri.— No. 38256.—168 S. W. (2d) 1042.

Court en Banc, March 1, 1943.

*Alroy S. Phillips* for relators.

*Roy McKittrick,* Attorney General, and *Harry H. Kay,* Assistant Attorney General, for respondents.

CLARK, J.—On August 14, 1942, relators filed their petition in this court asking that a writ of prohibition be issued against re-

spondents. Relators are residents, citizens, duly qualified electors and were judges of election of the fifth voting precinct of the fifth ward of the City of St. Louis at the election on August 4, 1942, and respondents were and are the members of the Board of Election Commissioners of that city. Relators and other judges and clerks conducted the election in said precinct, which election was for a bond issue, and the State primary for nomination of candidates for federal, state and municipal offices, and canvassed the vote and made return thereof to respondents, with the ballots in a box, sealed as provided by statutes. It was the statutory duty of respondents, within eight days after the election, to canvass and tabulate the returns from all the voting precincts in the city, add up and declare the result and certify the same to the circuit court which issues certificates of election.

On August 10, 1942, before respondents had completed their canvass, numerous voters of the city, some of whom were candidates at the election, filed affidavits with respondents charging that fraud, misconduct and irregularities had been committed in the count of ballots in said precinct and in the returns thereof, and by unanimous vote respondents ordered a recount in said precinct. On August 12, 1942, at a public session, respondents opened the ballot box, recounted the ballots, publicly announced the result, replaced the ballots in the box and sealed the same. The recount showed that ballots had been miscounted and incorrectly returned in the precinct, but did not affect the result of the election. Respondents announced that they intended to present the evidence, which they had discovered by the recount, to the proper authorities in charge of the prosecution of violators of the relevant federal and state criminal laws.

Relators' petition alleges the facts above set forth and further alleges that respondents are proceeding under Section 12248, Revised Statutes Missouri, 1939; [Mo. R. S. A., sec. 12248, p. 489] and that said statute is void because in conflict with various provisions of the federal and state constitutions, particularly Section 3 of Article VIII of the Missouri Constitution.

Our preliminary rule in prohibition was issued and respondents made return admitting the allegations of relators' petition, except that the allegations in reference to said Section 12248 are neither expressly admitted nor denied. Then the return states that respondents had completed their canvass on August 12th, two days before relators filed their petition, and if any constitutional rights of relators were violated or injury done to them the same was done before the filing of the petition; and, therefore, the issues are moot and no purpose would be served by granting a peremptory writ of prohibition.

Relators then filed a motion for judgment on the pleadings.

█ Section 12248, supra, contains a proviso purporting to authorize the Board of Election Commissioners, upon affidavits of voters or candidates submitted to the Board before it completes its canvass, to open the boxes and recount the ballots and to submit any evidence of fraud or crime thus discovered to the prosecuting officers.

Section 3 of Article VIII of our State Constitution provides for secrecy of the ballot and contains the following proviso:

"Provided, that in cases of contested elections, grand jury investigations and in the trial of all civil or criminal cases in which the violation of any law relating to elections, . . . is under investigation or at issue, such officers may be required to testify and the ballots cast may be opened, examined, counted, compared with the list of voters and received as evidence".

This court has construed the above language to mean that ballot boxes cannot be lawfully reopened and a recount made under any other circumstances than the three mentioned in said Section 3, and has held unconstitutional and void statutes identical with, or similar to, the proviso in said Section 12248. [See: State ex rel. v. Hiller (Mo.), 278 S. W. 708; State ex rel. v. McElhinney, 315 Mo. 731, 286 S. W. 951; State ex rel. v. Hartmann, 339 Mo. 200, 96 S. W. (2d) 329; State ex rel. v. O'Malley, 342 Mo. 641, 117 S. W. (2d) 319.]

Respondents offer no reason why those cases should not be followed, and concede that if we do follow them we must hold the proviso to said Section 12248 unconstitutional and void in this case. But respondents say: first, that the petition is insufficient to show a violation of the constitutional rights of relators; and, second, if such rights were violated the same was done before the filing of the petition and the issue is therefore moot.

█ On the first proposition, as to whether the allegations of the petition are sufficient to show a violation of the constitutional rights of relators so as to afford them the right to maintain this action, respondents argue substantially as follows: the purpose of the constitutional provision is to preserve and protect the secrecy of the ballot and, as relators do not expressly allege that they voted at the election, the petition does not show that the secrecy of *their* ballots has been violated and relators cannot invoke the constitution to protect the rights of other voters.

In answer, relators say that, if fairly construed, their petition does allege that they voted at the election. We do not think so. The language of the petition is: "that relators are residents, citizens and duly qualified electors of the fifth voting precinct . . . and were and still are duly appointed, qualified and acting judges of election", etc. The quoted language means that relators, at the date of filing their petition were qualified electors, but it █ does not say that they were qualified electors at the date of the election nor that

they voted at the election. We take judicial notice of the lamentable fact that many qualified electors often fail to exercise the privilege and perform the duty of voting.

However, the petition, in the language quoted and in other places, clearly alleges that relators acted as judges at the election in said precinct. It is further alleged that respondents, in response to affidavits charging the commission of fraud in the count of the ballots by the judges in said precinct, opened the ballots and obtained evidence which they now threaten to present to the prosecuting officers. These allegations are admitted in respondents' return. This, we think, is a sufficient showing of relators' right to maintain this action. We know of no case which has ruled the precise point, but this court has often held that, by timely procedure, an accused person may prevent the illegal use of evidence obtained by unconstitutional methods. [State v. Owens, 302 Mo. 348, 259 S. W. 100; State v. McBride, 327 Mo. 184, 37 S. W. (2d) 423; State v. Barrelli, 317 Mo. 461, 296 S. W. 413.] On the general proposition of the propriety of an action in prohibition and the proper parties, under similar facts, see: State ex rel. v. Remmers, 325 Mo. 1175, 30 S. W. (2d) 609; State ex rel. v. Wurdeman, 304 Mo. 583, 264 S. W. 402; State ex rel. v. Hamilton (Mo.), 240 S. W. 445; State ex rel. v. Hartmann (Mo.), 231 S. W. 982; State ex rel. v. Hartmann, 339 Mo. 200, 96 S. W. (2d) 329.

■ Respondents claim that the issues herein are moot and cite cases in which we have held that, as a general rule, the writ of prohibition will not lie when the act sought to be prohibited is already done.

Before the application in this case was filed the respondents had already opened the ballot boxes, inspected the ballots and replaced them and resealed the boxes. Respondents tacitly concede that such action was in violation of the constitution, but they say the illegal act cannot be prohibited because it has been completed. However, the petition alleges and the return admits that respondents will, unless prevented, present to the prosecuting authorities the evidence obtained by opening the ballot boxes.

If, as seems probable, these ballots contain evidence of fraud or crime, such fact should be *legally* disclosed to the proper authorities in one of the methods suggested in the constitution. We do not wish to say, or intimate, anything to prevent such action from being taken. Nor do we wish to prevent respondents or other citizens from giving to the prosecuting officers such information as may lead to a proper and lawful investigation. But respondents, except in response to a subpoena in one of the three cases mentioned in the constitution, have no legal right to disclose to the prosecutor or to anyone else the information which the ballots contain as to how any voter cast his ballot or how such ballot was counted. Competent evidence of what the ballots show, while they are still available, can be obtained only

by an inspection of them and such inspection must be made in a constitutional manner.

Our preliminary rule in prohibition is made permanent to the extent that respondents are prohibited from permitting the ballots to be inspected and from disclosing any information which the ballots show in the respects mentioned in the preceding paragraph, except in a proceeding in accordance with the Constitution.

All concur except *Gantt, J.*, absent.