**Christi Lyn TOTTON et al., Appellants,**

v.

**Fred A. MURDOCK et al., Respondents.**

**No. 57976.**

Supreme Court of Missouri,
En Banc.

July 12, 1972.

Robert Frager, Kansas City, for appellants.

John C. Thurlo, Vincent E. Baker, Kansas City, for respondents.

MORGAN, Justice.

The trial court refused to issue a peremptory writ of mandamus compelling respondents to allow appellants to register and vote in the primary election to be held on August 8, 1972. On appeal, one question is presented—may a person of the age of seventeen (17) years register and vote in the primary election if such person will be eighteen (18) years of age on or before the general election on November 7, 1972? We have concluded that such person legally can not do so and therefore affirm the judgment of the trial court.

Factually, the parties agree:

(1) That each of the appellants is now and on the date of the primary will be seventeen years of age, but that each will be eighteen years of age on or before the date of the general election.

(2) That each of the appellants, except for the question of age, is otherwise qualified to vote in such elections, and that they bring this action for themselves and on behalf of others similarly qualified.

(3) That respondents are members of and constitute the Board of Election Commissioners for the city of Kansas City, and that they by law are required to follow the dictates of Chapters 117, 120 and 121, RSMo.1969, V.A.M.S., which, among other things, call for the board to ". . . make all necessary rules and regulations, not inconsistent with this chapter, with

reference to the registration of voters and the conduct of elections and shall have charge of and make provisions for all elections, general, special, local, municipal, state, county, all primaries, and of all other of every description, to be held in such city or any part thereof, at any time." (Para. 6, Section 117.050.)

Initially, it should be noted that appellants have not cited, nor has our own research revealed, any constitutional or statutory provision, either federal or state, specifically granting the right to vote at any election to a person of the age of seventeen years. In fact, the latest constitutional mandate on the subject is found in the Twenty-sixth Amendment to the United States Constitution, effective July 5, 1971, which, in part, provides: "The right of citizens of the United States, who are eighteen years of age or older, to vote shall not be denied or abridged by the United States or by any State on account of age." However, the contention of appellants is not totally unfounded as it is based on an opinion of the Attorney General issued on July 10, 1934, and as yet not withdrawn, which concluded that if a person would be qualified as an elector to vote in the general election he would not be disqualified by non-age from voting in the primary election immediately prior thereto. For apparently the first time, this court is now called on to consider the validity of such a conclusion which purportedly was based on the following reported cases: Dooley v. Jackson, 104 Mo.App. 21, 78 S.W. 330 (1904); State ex rel. Von Stade v. Taylor, 220 Mo. 618, 119 S.W. 373 (1909); and, State ex rel. Feinstein v. Hartmann, Mo., 231 S.W. 982 (1921). In Jackson, the court declared that: "The word 'election' frequently occurs in the Constitution of the state. First in section 9, art. 2; and article 8 of that instrument is wholly devoted to the subject of elections. But, wherever used in the Constitution, it is used in the sense of choosing a person or persons for office by vote, and nowhere in the sense of nominating a candidate for an office by a political party."

The same conclusion was reached in Taylor, 119 S.W. 1. c. 376, wherein it was said: ". . . the word 'election' as used in the Constitution refers entirely to the election of individuals to a public office, and not the mere nomination of candidates for such offices to be subsequently voted for. That the framers of the Constitution referred to the election of individuals to public office, and not to mere nomination to office, when they inserted section 3 of article 8 in the Constitution, we have no doubt whatever." Again, in Hartmann, 231 S.W. 1. c. 985, the court made a similar finding and then resolved that: "As a necessary consequence the provisions of the Constitution which govern elections do not, of their own force, and by virtue of their presence in the Constitution, have any application to primary elections, or any question concerning them." Also, this court in State ex rel. Dunn v. Coburn, 260 Mo. 177, 168 S.W. 956 (1914), after noting the absence of a constitutional reference to primaries, made the observation, 1. c. 958, that: "No one thought of political primaries regulated by law, when this organic law was framed, for it had its origin many years prior to the present Constitution." Further, the court discussed the fact primaries were as susceptible to fraudulent conduct as any other election, and that as a part of the elective process they were necessarily subject to regulation under the police power of the state. The court then went on to say, "There being no constitutional inhibition upon the subject, the sovereign state was left with a free rein." Which was nothing more than a declaration that if primaries are not within the dictates of the constitution, they necessarily are subject to legislative control by statute.

However, after accepting the validity of such holdings at the time they were announced, it must be recognized that subsequent thereto, on February 26, 1924, the constitution of 1875 was amended. Of immediate interest, was the addition to Article 8, Section 3, V.A.M.S., of the words ". . . including nominating elections

. . .." Such words have been carried forward and are a part of the present 1945 Constitution in Section 3 of Article 8, which is entitled "Suffrage And Elections." The 1924 Amendment did not go unnoticed by this court for two years later in the case of State ex rel. Hollman v. McElhinney, 315 Mo. 731, 286 S.W. 951 (1926), at 952, it was said: "However, the proviso of section 3 of Constitutional Amendment No. 9, adopted February 26, 1924, specifies when the veil of secrecy can be lifted as to ballots cast at elections, 'including nominating elections,' thus clearly indicating that section 3 as amended and adopted extends the constitutional guaranty of a secret ballot, so that the term, 'all elections by the people,' used in the first sentence of section 3, now includes nominating elections . . .." The finding in McElhinney was reaffirmed in State ex rel. Dengel v. Hartmann, 339 Mo. 200, 96 S.W.2d 329 (1936). See also State ex rel. Miller v. O'Malley, 342 Mo. 641, 117 S.W. 2d 319 (1938). Recognition, however, must be given to the fact that none of such cases pertained to the question of age qualification, and they were resolved in the context of the specific question at issue and other related constitutional provisions on the subject then at hand.

 Research reveals that the matter of voting in a primary, while underage, if such voter will qualify by age on or before the general election, has been the subject of much diversity of opinion. 25 Am.Jur. 2d, Elections, and 29 C.J.S. Elections. Absent a specific right to do so, where approval of the same is given it is generally bottomed on the premise that allowing a person to participate in the process for selecting candidates makes participation in the final election more significant and meaningful. In any event, we can not indulge ourselves in deciding whether or not the rationale of such an approach or the result reached is meritorious for two reasons. First, it seems quite obvious that the people in amending Section 3 of Article 8 to include "nominating elections" appre-

ciated the fact that party primaries are an integral part of the election machinery of the state, and, as such, called for control and regulation by the state instead of considering the nominating process solely a concern of a particular political party. If the state has any concern or duty reference the election of an individual to office in the general election, it has the same or comparable interest in the manner such person was selected at the primary to be a candidate. As said in 25 Am.Jur.2d, Elections, Section 149 at page 842: ". . . where the state law has made the primary an integral part of the procedure of choice, or where in fact the primary effectively controls the choice, or where the primary is so used in connection with a general election that the latter merely registers and gives effect to the former, it is subject to particular constitutional safeguards and limitations applicable to elections generally." More specifically, as said in 29 C.J.S. Elections § 115(1): "In so far as the primary election is made an essential part of the election machinery, general provisions as to qualifications of voters are applicable to voters at party primaries." Section 2 of Article 8 pertains to the qualifications of voters and, among other requirements, calls for a person to be over the "age of twenty-one" (modified now to be eighteen or over by the 26th Amendment noted), and immediately thereafter in Section 3 designates a primary as a nominating election, which clearly makes the primary an election in the constitutional sense and further makes applicable the constitutional age qualifications. Second, if we assume, for discussion purposes only, that such was not the actual intent of the people, the same result is mandatory otherwise. As said in 25 Am.Jur.2d, Elections, Section 150 at page 843: "It is within the power of a state legislature to regulate the nomination of candidates for office by adoption of a primary election law, and unless the primary act contravenes constitutional provisions, it is controlling on all political parties and candidates. Statutes regulating primary elections are generally enacted by

the legislature in the exercise of the police power of the State." Each of the decisions of this court previously cited declare the same to be the law of this state. Thus, leaving only one question—has the General Assembly promulgated statutes regulating primaries? The answer is clearly "yes." Sections 120.300 to 120.650, inclusive, are captioned with the specific title—Nomination By Primary Election. Of those, Section 120.460 provides: "No person shall be entitled to vote at any primary election unless he is a qualified voter of the precinct and duly registered therein, if registration is required by law." The requirement that a person be a "qualified voter" obviously refers to the primary election as that is not only the subject matter of the specific section but of all other sections under the same sub-title. The section pertains to all areas of the state, and the requirement of registration is relevant only "if registration is required by law." In Chapter 117 may be found the registration procedure for Kansas City and in Section 117.010(5) may be found the definition of "Election" which includes a "primary election." Thereafter, Section 117.040, sets out the "Qualifications of voters" which, in part, provides, "Every citizen . . . who is over the age of twenty-one years (now 18 or over) . . . preceding the election at which he offers to vote . . . ." Such statutory regulations for registration were authorized by the people in Section 5 of Article 8 which declares: "Registration of voters may be provided for by law." See State ex rel. Woodmansee v. Ridge, 343 Mo. 702, 123 S.W.2d 20. It would not be logical to assume that the legislature intended to discriminate as to age between persons voting where registration is required and those where registration is not called for, and we are left with only one conviction, i. e., that under the police power, the legislature has declared a "primary" to be an "election" and that any prospective voter thereat must meet the recognized qualifications. In so far as this case is concerned, such person must be "eighteen years of age or older" on August 8, 1972.

This would include those planning to celebrate their eighteenth birthday on August 9, 1972, under the accepted theory that a birthday is, in fact, the first day of another year.

In view of our conclusion that a person seventeen years of age can not vote at a primary election in this state, there can be no denial of equal protection between those required to register and those not so required, and we need not discuss appellants' second point alleging discrimination against those required to register.

In passing, we mention that the answer reached herein is not in conflict with any federal law pertaining to elections. See Gaunt v. Brown, 341 F.Supp. 1187 (Southern District of Ohio) wherein a three judge panel so found on April 6, 1972.

The judgment is affirmed.

FINCH, C. J., and DONNELLY, SEILER, HOLMAN and HENLEY, JJ., concur.

BARDGETT, J., not participating.